OLIVER SAUNDERS, PLAINTIFF IN ERROR vs. BENJAMIN GOULD.

Where the whole cause, and not a point or points in the cause, has been adjourn-
ed from the circuit court to this court, the case will be remanded to the cir-
cuit court.

The case was admitted to be essentially the same with that of Gardner vs. Col-
lins, 2 Peters, 58; but the counsel for the plaintiff relied on evidence adduced
to show a settled judicial construction of the act of the legislature of Rhode
Island, relative to descents, different from that which had been made in this
court. " The court is not convinced that the construction of the act which
prevails in Rhode Island is opposed to that which was made by this court."

THIS case came before the court on a certificate of a
division of opinion by the judges of the circuit court for the
district of Rhode Island.

It was submitted, without argument, by Mr Coxe for the
plaintiff in error, and Mr Whipple for the defendant.

Mr Chief Justice MARSHALL stated,

When this case was brought before the court, it was ad-
mitted by the counsel to be essentially the same with Gard-
ner vs. Collins, reported in 2 Peters's Rep. 58; but he relied
on certain evidences which he exhibited of a settled judicial
construction of the act on which the cause depended, differ-
ent from that which had been made by this court. Had the
court been satisfied on this point, that settled construction
would undoubtedly have been respected. But the court
was not convinced that the construction which prevails in
Rhode-Island is opposed to that which was made by this
court. On communicating this decision to the bar, counsel
declined arguing the cause; and a certificate, similar to that
which was given in the former case, was about to be pre-
pared: but on inspecting the record, it was perceived that
the judges of the circuit court, instead of dividing on one or
more points, had divided on the whole cause; and had di-
rected the whole case to be certified to this court. Con-
sidering this as irregular, the court directs the cause to be
remanded to the circuit court; that further proceedings may
be had therein according to law.