Mr Chief Justice Marshall
 

 delivered the opinion of the Court.
 

 This is a case certified to this' court from the circuit court of the United States, for the seventh circuit and district of Kentucky, on which the judges of. that court were divided in opinion.
 

 An indictment had been found against John Bailey upon the act of March 3d 1823, for the punishment of frauds committed against the United States.-
 

 After the-attorney for the prosecution had laid his whole casé before the court aud jury* the counsel for the prisoner moved the court to instruct the jury, that the evidence did not conduce to establish the offence denounced by the first section of the act of congress of the 3d of March 1823, entitled “ an act for the punishment of frauds, committed on the government of the United States,” nor any other act of congress under which the indictment was framed ; which motion, the attorney for the United States opposed, and on this question the judges were divided and their opinions opposed. Where
 
 *273
 
 upon, on motion of the attorney for the United States, the said question and disagreement were stated and ordered t,o be certified to the supreme court.
 

 The 6th section of the act “to amend the judicial system of the United States,” enacts, “that whenever any question shall occur before a circuit court, upon which the opinions of the judges shall be opposed, the . point upon which the disagree- • merit shall happen, shall, during the same term, upon the request of' either, party or their counsel, be stated under the direction of the judges, andcertified under the seal of the court to the supreme court, at their next session, to be-held thereafter; and shall by the. said court be finally decided.”, The .act also contains a provision,, that “ nothing herein contained 1 shall prevent the cause from proceeding ; if, in the opinion of t-He court.,, farther proceedings .can be had without prejudice to the merits.” • Story 856. . .
 

 The language of the section shows, we think, conclusively, that congress intended' to provide for á division'of opinion on single points, which frequently occur in the trial of a causé; not 'to enable a circuit court to transfer an entire cause into this court,, before a final judgment. • A construction • which would authorize sue ^.transfer, would counteract the policy which forbids writs of error ol; appeal until the judgment or decree be filial. ■■ If an introductory.judgment or decree could be brought '.into this court, the same case might again be brought up aftér á final decision ; and all, the delays and expense incident to a repeated revision of the same cause, be incurred. So if the whole cause, instead of an.insulated point, could be adjourned; the judgment or decree which would be finally given by the circuit courtj might be brought up by writ of ersor or appeal, and the whole subject be re-examined. Congress did not intend to expose suitors to this inconvenience; and the language of the provision does not, we think, admit of this construction. A division on a point, iii the progress of a cause, on which the judges, may be divided in opinion; not. the whole cause; is to be certified to this court.
 

 The certificate of the judges leaves no doubt that the whole ' cause was submitted to the circuit court, by the motion of the counsel for the prisoner. The whole testimony m support of the prosecution had been submitted to the court, and
 
 *274
 
 upon this whole testimony, the counsel for the prisoner moved the court to instruct the jury, that the evidence did not conduce ,to establish the offence denouncéd by any act of congress, under which the indictment was framed. This instruction necessarily embraced the whole cause.' Had it been given, the prisoner must have been acquitted. Had the court declared that the testimony didsupport the indictment, the whole law of the case would have been decided against the prisoner; and the jury'must have convicted him, or have disregarded the instruction of the court.
 

 It has been repeatedly decided, that the whole cause cannot be adjourn ;.d on a division of the judges; and as this is, we think, a case of that description, we cannot decide it in its present form. The case is remanded to the circuit court; this court not having jurisdiction over the-question as stated.
 

 This cause came on to be heard" on the transcript of the ■recbrd from the circuit court of the United States, for the district of Kentucky, and was argued by counsel; on consideration whereof, it is the opinion of this court that the whole case has been certified to this court; and as it has been repeatedly decided by this court, that the whole case cannot be adjourned on a division of the judges, the court cannot decide this case in its present form. Whereupon, it is ordered and adjudged by this conrt, that this case be, and the same is hereby remanded to the said circuit court for further proceeding, to be had therein according to law and justice? this court not having jurisdiction over the question as stated.