James White, plaintiff v. Hiram Turk, James Vaughan, and William Grant.

The intention of congress, in passing the act, authorizing a division of opinion of the judges of the circuit courts of the United States to be certified to the Supreme Court was, that a division of the judges of the circuit court, upon a single and material point, in the progress of the cause, should be certified to the Supreme Court for its opinion; and not the whole cause. When a certificate of division brings up the whole cause, it would be, if the Court should decide it, in effect, the exercise of original, rather than appellate jurisdiction.

The case of the United States v. Banby, 9 Peters, 367, cited and approved.

ON a certificate of division from the circuit court of the United States for East Tennessee.

Coxe for the plaintiff.—No counsel appeared for the defendants.

The case is fully stated in the opinion of the Court.

Mr. Justice M'Kinley delivered the opinion of the Court.

This is a case certified to this Court from the circuit court of the United States for the eastern district of Tennessee.

A petition was filed by the defendants, Vaughan and Grant, stating that a judgment had been rendered in that court, in favour of the plaintiff, against the said Turk, at the October term, 1834, for the sum of eight hundred and ninety-three dollars sixty-seven cents; that said Turk had been arrested upon a ca. sa., issued upon said judgment, and that the other two defendants had become his sureties in a bond, with condition that he should make his personal appearance at the court-house in Knoxville, on the second Monday of October next thereafter; then and there to pay a debt recovered by James White, in said suit against said Turk, for eight hundred and sixty-six dollars, twenty-one and a half cents, take the oath of insolvency, or make a surrender of his property, as prescribed by the laws of the state; otherwise, the bond to remain in full force and virtue: that this bond, together with the ca. sa. had been returned to said court at its October term, 1835, and judgment rendered thereon

[White v. Turk et al.]

against all the defendants; upon a motion, and without notice to them of the motion. For reasons stated in the petition, they prayed for and obtained a supersedeas.

At the October term, 1836, of said court, "on a motion being made to set aside the judgment, for the reasons assigned in the petition; and on the ground that the statutes of the state of Tennessee, referred to in the petition, and under which the bond was taken, and the judgment on it rendered, on a part of the insolvent laws of the state, and cannot apply to proceedings on an execution issued from the federal court; and on a full consideration of the subject, the opinions of the judges were opposed on the following points."

"First, whether the omission to name in the bond the sum called for in the execution, and the naming, of a different sum does not vitiate it? Secondly, whether the omission to state in the bond the court before which the defendant is to appear, take the oath of insolvency, or surrender his property, does not vitiate it? Thirdly, whether the omission to set out in the bond, the writ of execution, or refer to it, does not vitiate it? Fourthly, whether the proceedings authorized by the statutes of the state of Tennessee, passed in 1824, chap. 17; and in 1825, chap. 57, can apply to the federal courts? Fifthly, whether, on account of the above defects, the bond is not void; and the proceedings on it, under the above statutes, consequently, a nullity?"

The intention of congress, in passing the act under which this proceeding has taken place was that a division of the judges of the circuit court, upon a single and material point, in the progress of the cause, should be certified to this Court, for its opinion; and not the whole cause. The certificate of the judges, in this case, leaves no doubt that the whole cause was submitted to the circuit court, by the motion to set aside the judgment on the bond. And, had the court agreed in opinion, and rendered a judgment upon the points submitted; it would have been conclusive of the whole matter in controversy between the parties. This certificate, therefore, brings the whole cause before this Court; and, if we were to decide the questions presented, it would, in effect, be the exercise of original, rather than appellate jurisdiction. United States v. Bailey, 9 Peters' Rep. 267; Adams, Cunningham and Company v. Jones, decided at the present term of this Court.

[White v. Turk et al.]

For these reasons, the cause is remanded to the circuit court, this Court not having jurisdiction of the questions, as stated.

Mr. Justice BALDWIN dissented

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of East Tennessee, and was argued by counsel. On consideration whereof, it is the opinion of this Court, that the whole case has been certified to this Court; and as it has been repeatedly decided by this Court, that the whole case cannot be adjourned on a division of the judges, the Court cannot decide this case in its present form. Whereupon, it it is now here ordered and adjudged by this Court, that this cause be, and the same is hereby remanded to the said circuit court, for further proceedings to be had therein, according to law and justice; this Court not having jurisdiction over the case, as stated.