Mr. Chief Justice TANEY,
 

 after stating the case as above, proceeded to deliver-the opinion of the court.
 

 The act of Congress of April 29, 1802, ch. 31, § 6, provides, that whenever a question shall occur before a Circuit Court, upon which the opinions of the judges ■ shall be opposed, the point on which the disagreement shall happen, upon the request - of either party,, shall be' stated, and certified to this court, to be finally decided. It is this act alone that gives jurisdiction to the Supreme Court in cases of division of opinion in the Circuit Court,, and the jurisdiction thus given must of course be exercised in the manner pointed out in the law. Consequently, we are not authorized to decide in such cases, unless the particular point upon which the judges differed is stated and certified. United States
 
 v.
 
 Bailey, 9 Pet. 272; Adams
 
 v.
 
 Jones, 12 Pet. 213; White
 
 v.
 
 Turk and others, 12 Pet. 238.
 

 Now in the case before us, the question upon which the disagreement took place is not certified. The difference .of opinion is-indeed stated to have been on the
 
 point
 
 whether the demurrer should be sustained; But such a question can hardly be called a point in
 
 *210
 
 the case, within the meaning of the act of Congress ; for it does not show whether the difficulty arose upon the construction of the act of Congress on which the indictment was founded, — or upon the form of proceeding adopted to inflict the punishment,- — or upon any supposed defect in the counts in the indictment. On the contrary, the whole case 'is ordered to be certified upon the indictment, demurrer, and joinder, leaving, this court to look into the record, and determine for itself whether any sufficient objection can be made in bar of the prosecution ; and without informing us what questions had been raised in the Circuit Court, upon which they differed.
 

 Neither can this omission in the certificate be supplied by the causes of demurrer assigned by the defendant. The judges do not certify that they differed on the points there stated, or on either of them, and indeed the third ground there taken is as vague and indefinite as the certificate itself, and could not therefore help it, even if it could be invoked in its aid.
 

 But we are bound to look to the certificate of the court alone for the question which occurred,.and for the point on which they differed, and as "this does not appear, .we have no jurisdiction in the ease, and it must be 'remanded to the Circuit Court.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit- Court of the United' States for the District of Michigan, and on the point and question on which the judges of the said Circuit Court were opposed in opinion, and which was certified to this court for its opinion, agreeably to the act of Congress in such case- made and provided, and was argued by counsel; and it appearing to this court, upon an inspection of the said transcript, that no point in the case, within the meaning of the act of Congress, has been certified to this'court, it is thereupon now here ordered and adjudged by-this court, that this cause be-and the same is hereby dismissed, and that this cause be' and the .samé is hereby remanded to the said Circuit Court, to be proceeded in according to law.