47 U.S. 41
 6 How. 41
 12 L.Ed. 335
 JONATHAN W. NESMITH AND THOMAS NESMITH, COMPLAINANTS,
v.
THOMAS C. SHELDON, HORACE H. COMSTOCK, DAVID FRENCH,
WILLIAM E. PETERS, JAMES FORTON, ATLA E. MATHER, HENRY
B. HOLBROOK, SAMUEL P. MEAD, FRANCIS E. ELDRED, PHCEBE
ANN DEAN, CULLEN BROWN, AND CHARLES H. STEWART,
DEFENDANTS.
 January Term, 1848
 
 THIS case came up from the Circuit Court of the United States for the District of Michigan, on a certificate of division in opinion between the judges thereof.
 The facts were briefly these.
 The second section of the 12th article of the Constitution of Michigan is in these words, viz.:——
 'The legislature shall pass no act of incorporation, unless with the assent of at least two thirds of each House.'
 On the 15th of March, 1837, the legislature passed an act entitled, 'An act to organize and regulate banking associations.'
 Under this act a company was formed and commenced doing business as a banking association, under the name of the Detroit City Bank.
 On the 15th September, 1838, Harris, the cashier of the Detroit City Bank, drew a bill of exchange upon the Albany City Bank, in the State of New York, in favor of J. W. and T. Nesmith, for six hundred dollars, payable nine months after date, which bill was protested for non-payment when due.
 In February, 1833, whilst the bill was running, the Detroit City Bank became insolvent.
 The plaintiffs, Nesmiths, sued the bank upon the bill, and obtained a judgment in May, 1841, in a State court.
 The plaintiffs then proceeded, under a statute of the State, against the directors of the bank, and obtained a judgment in July, 1841, in the Circuit Court of the United States. An execution was issued upon this judgment, which was returned wholly unsatisfied.
 The plaintiffs then, under the same statute, filed a bill on the equity side of the Circuit Court against the stockholders, being the defendants mentioned in the title of this case, seeking to hold them individually liable, in proportion to the amount which each one held in the stock of the bank.
 To this bill the defendants put in general demurrers.
 The cause was heard on the bill and demurrers. The following points and questions were made and presented by the complainants: 1. Whether the banking associations organized under the act of the legislature of the State of Michigan, entitled, 'An act to organize and regulate banking associations,' approved March 15th, 1837, and the amended act, entitled, 'An act to amend an act entitled 'An act to organize and regulate banking associations and for other purposes," approved December 30th, 1837, were or were not corporations or bodies corporate, within the meaning of the constitution of the State of Michigan.
 2. Whether said acts of the legislature, or either of them, are in accordance with the provisions of the constitution of the State, and valid, or contrary thereto, and void, in whole or in part.
 3. And if so much and such parts of said acts as purport to create corporations, or bodies corporate, are repugnant to the constitution and void, whether the remaining parts of said acts are not valid, and the directors and stockholders of the association, set out in the bill, liable for the debts thereof, according to the provisions of said amended act.
 4. Whether the stockholders of the Detroit City Bank are, or are not, liable in their individual capacity, as corporators, or as members of a joint-stock association, company, or copartnership, to pay the debts due to the complainants, as set forth in the bill.
 5. Whether the defendants are, or are not, liable to pay the debt due to the complainants, set out in the bill of complaint.
 On the part of the defendants, the following points were made:——
 1. The Supreme Court of the State of Michigan has decided that the acts under which the Detroit City Bank was organized were intended to authorize the creation of an indefinite number of corporations, by the prospective action of individuals; that they were so far unconstitutional and void, and under them no corporate body could legally come into existence. This decision of the Supreme Court of the State will not be questioned by the Courts of the United States, but will be followed and applied to the latter.
 2. If the Detroit City Bank was not validly in existence as a corporation, or artificial person, then it was not exempted from the penalties and restrictions of the laws of Michigan on the subject of unauthorized banking, commonly called the restraining laws.
 3. Under the acts last referred to, the claim of the complainants was illegal and forbidden, and could not be the basis of a recovery.
 4. The Detroit City Bank having contracted as a corporation, when it was not such, its contracts on that account are invalid.
 5. If the Detroit City Bank was not a corporation, then the defendants can be liable only as general partners.
 6. If liable only as general partners, the judgment against the directors is a merger of the whole claim.
 7. If the defendants are general partners, the remedy against them is complete at law.
 8. If the court shall hold that the Detroit City Bank was validly a corporation, and authorized to engage in banking, then it is further contended by the defendants, that the bill which forms the foundation of the claim of the complainants was illegal, because not payable on demand.
 9. The defendants are not concluded by the judgment against the bank, but may dispute the validity and obligation of the original claim.
 Upon all the above points and questions, as made and presented by the complainants and defendants, the opinions of the judges of the Circuit Court were opposed; wherefore, it was ordered that the same be stated, under the direction of the judges, and certified, under the seal of this court, to the Supreme Court, at their next session to be held thereafter.
 The case was very elaborately argued in print by Mr. E. C. Seaman and Mr. J. M. Root, for the plaintiffs, and Mr. George E. Hand and Mr. Theodore Romeyn, for the defendants. But as the case went off upon a point of jurisdiction, the arguments are omitted.
 Mr. Chief Justice TANEY delivered the opinion of the court.
 
 
 1
 This case comes before the court upon a certificate of division from the Circuit Court for the District of Michigan. Upon opening the record, it is evident that the whole case has been sent up in this form. It is, indeed, divided into points, but most of them are merely hypothetical, and might never have arisen or required a decision upon them in the Circuit Court. For whether they would or would not arise depended altogether upon the decision of points which precede them in the statement.
 
 
 2
 This subject has been frequently before the court, and we have repeatedly said, that, under such certificates of division, we have no jurisdiction. Without attempting to enumerate the cases, it is sufficient on the present occasion to refer to White v. Turk and others, 12 Peters, 238, and The United States v. Stone, 14 Peters, 524, which are decisive of this case. It is unnecessary, therefore, to examine the printed arguments that have been filed, as the case must be dismissed for want of jurisdiction.
 
 Order.
 
 3
 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Michigan, and on the points and questions on which the judges of the said Circuit Court were opposed in opinion, and which were certified to this court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. And it appearing to this court, upon an inspection of the said transcript, that no point in the case within the meaning of the act of Congress has been certified to this court, it is thereupon now here ordered and adjudged by this court, that this cause be and the same is hereby dismissed, and that this cause be and the same is hereby remanded to the said Circuit Court, to be proceeded in according to law.