48 U.S. 646
 7 How. 646
 12 L.Ed. 855
 WILLIAM AND FRANCIS SADLER, COMPLAINANTS,
v.
THOMAS B. HOOVER, SYLVANUS CHAMBERS, AND SAMUEL H.
DINKINS, PARTNERS BY THE STYLE OF THOMAS B.
HOOVER AND COMPANY.
 January Term, 1849
 
 THIS case came up, on a certificate of division, from the Circuit Court of the United States for the Southern District of Mississippi.
 The following is the statement of facts agreed upon in the court below, by the counsel for the respective parties, and sent up with the record.
 'WM. SADLER and FRANCIS SADLER,
 
 v.
 
 THOMAS B. HOOVER and others.
 In Chancery.
 'In the Circuit Court of the United States for the Southern District of Mississippi.
 'The bill states that at May term, 1839, of the Circuit Court, the defendants, Thomas B. Hoover & Co., recovered judgment against them, and one Francis Ross, their surety, for $3,501.84 debt, and $383.65 damages, with interest thereon from the 17th of May, 1839, and costs of suit; and at the same term, another judgment against them, and one W. D. Henry, as their surety, for $7,881.66, with interest from the 17th of May, 1839, and costs of suit. That executions issued on said judgments, and forthcoming bonds have been given with one Robert Ridley, as security in each case, and that said bonds were returned forfeited to the November term, 1839, and executions about to issue thereon; that the instruments of writing on which these judgments are founded were given by complainants, in consideration of certain slaves sold by the firm of Thomas B. Hoover & Co. to them, on the 28th of October, 1836, and for which bills of sale were given; that complainants feel themselves greatly aggrieved by the conduct of Thomas B. Hoover & Co.; that they had an understanding with Hoover, by which they might have been relieved from the contract, but which was not reduced to writing with other parts of the contract, and complainants have thus been deprived of its benefit, and will be greatly injured if relief is not afforded to them on the grounds hereafter stated.
 'The complainants allege that the said slaves were introduced into this State by the said Thomas B. Hoover, for himself and partners, but a few weeks previous to such sale, as merchandise, and for sale, without any certificate of character, and were sold without any record of certificate, contrary to the constitution and laws of the State of Mississippi; and that the causes of action, on which the said judgments are rendered, were given in direct exchange for said slaves. That complainants have been advised that this court will interfere to prevent the collection of these judgments if they will submit to act rightly, and not use the occasion to act fraudulently and unjustly. On this principle of equity, complainants submit to a rescission of the contract, offer to deliver up to defendants all the said negroes now alive, and to account for the hire of them, including, also, their increase, and to perform whatever they may be required by the court.
 'Complainants aver that they were prevented from making this defence at law, by advice of counsel, on account of decisions adverse to it previously made by this court and the Circuit Courts of the State of Mississippi; and the current of decisions to this effect was not broken into until the decision of this court, at the late November term, (1839,) and until then complainants supposed they were not entitled to relief on this ground, and under this belief they entered into forthcoming bonds. That defendants, Hoover & Co., are unwilling to rescind said contract, and are about to enforce the collection of said judgments. The bill prays process, and a perpetual injunction against the judgments.
 'On application to the district judge, he granted a fiat for an injunction on the 4th of January, 1840, and injunction was issued accordingly.
 'Previous to the May term, 1840, the defendants, Thomas B. Hoover, Samuel H. Dinkins, and Sylvanus Chambers, members of the firm of Thomas B. Hoover & Co., answered.
 'Thomas B. Hoover, in his answer, admits that, as a member of said firm, and on its behalf, a few weeks previous to the sale, he introduced into the State of Mississippi, as merchandise, and for sale, a number of slaves, without any certificate of character, or record of the same, and that he sold the slaves named in the bill to the complainants, and took their bill of exchange and note therefor, on which the said judgments were rendered. He denies, positively, any arrangement or understanding between him and complainants, by which they were to be relieved from their contract; that although these slaves were introduced for sale, the defendant insists on the validity of the contract; that even regarding the contract as illegal, the complainants having failed to make this defence on the trials at law, they are now precluded from availing themselves of this ground of relief in chancery; especially that complainants have given forthcoming bonds on which judgments have been rendered.
 'As to complainants' offer to rescind the contract and to restore the slaves, this defendant states, that, on a dissolution of the partnership, he transferred the liabilities of complainants to his copartners; he has, therefore, no control of the judgments; that having made the contract of sale, he can state positively that no fraud or imposition of any kind was practised on complainants; that the contract was fair and honest on his part; that the negroes were, as he believes, sound and healthy, and were sold at the customary prices.
 'Samuel H. Dinkins, in his answer, admits that he was a member of the firm of Thomas B. Hoover & Co. He knows nothing personally of the sale of the slaves, and on this point refers to the answer of Thomas B. Hoover, the trading partner. He admits, however, that the slaves were sold to complainants; that, after litigation on the instruments given for them, judgments were rendered against complainants for the sums agreed to be given. He insists on the legality and validity of the contract, and that the complainants, having failed to make this defence at law, cannot now avail themselves of it as a ground of relief. He rejects the offer of the bill to rescind the contract, as being manifestly unjust, since the great change in the value of this property, and because the complainants do not offer to account for the value of three slaves since dead.
 'Sylvanus Chambers states in his answer, that, as to the introduction of the negroes into Mississippi, and their sale, he knows nothing personally. He insists on the validity of the contract, and that, whether originally legal or not, complainants cannot now avail themselves of this ground for relief, having failed to set it up as a defence at law. He rejects, also, the proposition to rescind the contract, for the reasons stated in the preceding answer, and insists that, as the contract was fairly entered into, without any wilful intent to violate the laws of Mississippi, should the court decree it to be void, he and his partners should be compensated also for the value of the three dead slaves, as there is no allegation of their unsoundness; and especially, as he charges, that they died from the cruel treatment of the complainants.
 'At May term, 1840, a motion was made, on the part of defendants, to dissolve the injunction, which motion was afterwards overruled.
 'At the May term, 1844, the cause came to a hearing on bill, answers, and replication, before their Honors, Peter V. Daniel, and Samuel J. Gholson, judges. And the court not being able to agree in opinion, one of the said judges being of opinion that a decree should be rendered for the complainants, and the other that a decree should be rendered for the defendants, it was ordered, at the request of counsel on both sides, that this difference of opinion be certified to the Supreme Court of the United States for their decision.
 'The foregoing is a correct abstract of the material facts in the above-stated cause.
 'LEA & LEA, Complainants' Sol.
 W. R. HILL, Defendants' Sol.
 'January 8, 1845.'
 The case was argued (in print) by Mr. Hill, for the defendants, but the question of the jurisdiction of this court was not raised, and it is deemed unnecessary to insert the argument of the main point in the case.
 Mr. Chief Justice TANEY delivered the opinion of the court.
 
 
 1
 This case comes before us on a certificate of division. But, upon inspecting the record, it appears that the particular point or points upon which the justices of the Circuit Court differed in opinion are not distinctly stated; and the case must therefore be dismissed for want of jurisdiction.
 
 Order.
 
 2
 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and on the point and question on which the judges of the said Circuit Court were opposed in opinion, and which was certified to this court for its opinion agreeably to the act of Congress in such case made and provided, and was argued by counsel. And it appearing to this court, upon an inspection of the said transcript that no point in the case, within the meaning of the act of Congress, has been certified to this court, it is thereupon now here ordered and decreed by this court, that this cause be and the same is hereby dismissed, and that this cause be and the same is hereby remanded to the said Circuit Court, to be proceeded in according to law.