Thurman, J.
Washburn, the defendant in error, recovered a judgment against Chase, the plaintiff in error, at the October term, 1851, of Huron common pleas. Chase prosecuted a writ of error, which was reserved by the district court for decision by this court. At the January term, 1853, of this court, the judgment of the-common pleas was affirmed. 1 Ohio St. 244.
The judgment of affirmance was in these words:
“ This cause came on to be heard upon the transcript of the record, and judgment of the court of common pleas of Huron county, and was argued by counsel; on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said court of common pleas be, and the same is hereby affirmed, with costs. Ordered, that a certified copy of this entry be sent to the clerk of the district court for entry, etc. Ordered, that a special mandate be sent to the court of common pleas to carry this judgment into execution.”
*87 A copy of the entry having been sent to the district court, pursuant to the above order, and having been there entered, the present writ of error was sued out of this court, on June 6, 1853, directed to the district court. Its object is to reverse the above-mentioned judgment of affirmance, the plaintiff contending that it is not a judgment of this court, but is a judgment of the district court. But this is a plain mistake. The district court has rendered no judgment in the premises, nor is our judgment, in any sense, a judgment of that court. Under the old system, the judgments of the Supreme Court in Bank were generally certified to' the counties, and regarded, for most purposes, as judgments of the Supreme Court in the counties, but this was because the tribunals were not distinct; the court in bank being *only a special session of the Supreme Court. But the present Supreme Court'is a wholly different tribunal from the district court, and its judgments can nev.er be regarded as judgments of the latter. The only reason why, in the present instance, a copy of the judgment of affirmance was ordered to be sent to the district court for entry, was one of convenience. It was supposed that it would be convenient to have a copy of the judgment recorded in the county; and hence, in this and other similar cases, such an order has been made. Under the order, the district court has nothing to do but to enter the copy sent to it upon its journal. The mandate to the common pleas issues ■ from this court, and not from the district court. This is the proper court from which it should issue, and delay is thereby avoided, as the mandate maybe obtained as soon as the judgment is rendered. When we render a judgment or decree that requires further proceedings to he had in the district court, we remand the cause to that court, with the proper directions, or send a writ of procedendo to it, as the case may require. If the case was reserved by the district court for decision here, and further proceedings, after our judgment or decree, are necessary in that court, we remand the cause. If it is a writ of error to that court, and we reverse its judgment, and direct it to proceed to final trial between the parties according to law, we order and issue a writ of procedendo. I make these remarks, because it seems that the proper practice is not well understood. It is said that mandates are issued by the district court which should properly be issued by this court. This irregularity, if it exists, ought to cease.
But a grave question is made by the counsel for the plaintiff in *88 error. lie contends that if the judgment in question is not a judgment of the district court, it is void for want of jurisdiction in this court to render it. If this were so, it would give us no right to reverse it upon the present writ of error. This is not pretended. But is it void ? The argument is, that the statute authorizing a reservation of causes by the district court, or the supreme judge sitting in that court, *for decision by this court, is unconstitutional. It is said that for us to take jurisdiction of such causes is to exercise an original jurisdiction which is not permitted to us by the constitution, our original jurisdiction being limited by that instrument to quo warranto, mandamus, habeas corpus, and procedendo. It is contended that it can not be appellate jurisdiction, because the district court having made no decision, there is nothing to be appealed from. This argument, we imagine, is more specious and technical than substantial or sound. Take the case sought to be reviewed as an illustration. It is true there was no judgment upon the writ of error by the district court, but that writ was a proper mode of exercising appellate jurisdiction from the judgment of the common pleas. The district court, in the exercise of its appellate jurisdiction, could well issue the writ. It might have passed upon it, and must have done so, had not the legislature seen fit to allow the appeal to be carried farther. But the law provided that it might be carried farther; that is, it provided that the appeal thus taken from the judgment of the common pleas might, if the district court, or the supreme judge sitting in that court, upon the motion of either party, so ordered, be sent to the Supreme Court for decision. To do this is not to appeal from the district court. The appeal is from the common pleas by which the judgment was rendered. In short, in cases originating in the common pleas, and appealed by writ of error, or otherwise, to the district court, the law permits the appeal to be carried to the Supreme Court, if ordered as above mentioned. It is, in substance, an appeal from the common pleas to the Supreme Court, by permission of the distinct court, or the supreme judge sitting therein. It was perfectly comjietent for the legislature to fix the terms upon which appeals should be allowed, and, therefore, to require this permission to be given. Upon the same principle, the allowance of a judge of this court is required before a petition in error can be filed in it or writ of error issued out of it.
*There is another view, however, that, may be taken of *89 the case. Is it clear that there is no such thing as appellate jurisdiction, unless there is a judgment or decree to be appealed from? Is there not such a thing as an appeal from one jurisdiction, or tribunal, to another, even before judgment ? And is too enlarged ■a sense given to the word “ appeal” if we so hold ? It is not necessary for us to decide these questions; but much may be said in favor of the proposition that the law may allow an appeal before judgment. Section 6 of the act of Congress of April 29, 1802, to amend the judicial system of the United States, provides, “that whenever any question shall occur before a circuit court, upon which the opinions of the judges shall be opposed, the point upon which the disagreement shall happen, shall, during the same term, upon the request of either party, or their counsel, be stated under the direction of the judges, and certified under the seal of the court, to the Supremo Court, at their next session, to be held thereafter ; and shall, by the said court, be finally decided; and the decision of the Supreme Court, and their order in the premises, shall be remitted to the circuit court, and be there entered of record, and shall have effect according to the nature of the said judgment and order.” 2 Stat. at Large, 159.
Now, it is by virtue of its appellate jurisdiction that the Supreme Court makes the decision here spoken of. It has no such original jurisdiction. It decides, although the circuit court has not decided, and for the very reason that the latter court, being equally divided, can not decide. True, the Supreme Court does not pronounce a technical judgment between the parties, but merely certifies its opinion to the circuit court; but the statute makes that opinion a final decision of the point or points in controversy. The circuit court has no right to disregard, but, on the contrary, must obey it. It is thus, in substance, what the statute calls it, a final decision, and it is a decision upon an appeal, although there is no judgment to be appealed from. It is true that the Supreme Court has frequently decided that it will not allow the whole *case to be certified up, the reason for which is, that the act of Congress does not contemplate that.' This is apparent from the section above-quoted, and is rendered still clearer by the proviso to the section, which allows the cause to be proceeded with in the circuit court, notwithstanding points are certified to the Supreme Court, “if, in the opinion of the court, further proceedings can be had without prejudice to the merits.” I am aware that in White v. Lusk, 12 *90 Pet. 239, Judge McKinley, speaking of a certificate that brought up all the points in a case, said: “ This certificate, therefore, brings the whole cause before this court; and, if we were to decide the questions presented, it would, in effect, be the exercise of original, rather than appellate jurisdiction.” But this remark, I imagine, was a mere dictum of the learned judge. N° such. idoa is found in any of the other cases that decide against certifying up the whole cause. They all proceed upon the ground, that the act of Congress does not permit it, and not upon the idea that to decide the whole case, thus brought up, would be an exercise of original ’jurisdiction. See United States v. Bailey, 9 Pet. 267; Adams et al. v. Jones, 12 Pet. 207.
And, indeed, it is difficult to see how the decision of all the points in a case would be an exercise of original jurisdiction, when the final, conclusive determination of one or more points, less than the-whole, is an exercise of appellate jurisdiction—more especially, when, as is generally, or at least very frequently, the ease, the decision of the point or points certified does, practically, settle the whole controversy. The question is, how does the court get authority to decide any point. If it can, by virtue of its appellate jurisdiction, decide one point, although the circuit court has rendered no judgment, why may not Congress authorize it to decide them all?
With this striking example before us of an appeal before judgment, it would not, perhaps, bo going too far to say that it is too narrow a construction of the term “appellate ^jurisdiction,” to hold that it is limited to cases in which there are judgments to-be appealed from.
But, as before remarked, it is unnecessary at this time to decide this question. The view first presented is satisfactory to us, and is decisive of the present case. The writ of error was improvidently issued, and must bo dismissed.