WEETH v. NEW ENGLAND MORTGAGE COMPANY.

Where the judges below are opposed in opinion, this court will not take jurisdiction of the case, if their certificate, instead of being confined to single points of law, presents either questions of fact or the whole case for adjudication.

APPEAL from the Circuit Court of the United States for the District of Nebraska.

The case is stated in the opinion of the court.

*Mr. John M. Thurston* for the appellants.
*Mr. J. D. Campbell* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case comes here by appeal on a certificate of division after a decree in accordance with the opinion of the presiding judge, as required by sect. 650 of the Revised Statutes. The value of the matter in dispute is less than $5,000, and we have consequently no jurisdiction, unless the questions certified are such as we can consider.

The controversy is as to whether certain notes sued on are usurious. In the progress of the cause a reference was made to one of the masters of the court " to report on the law and the facts as shown by the pleadings and the proofs herein." The master reported, stating the facts he found and his conclusions of law thereon. To this report exceptions were filed by both parties, on the ground, among others, that the facts found

and stated were not sustained by the evidence. Upon the hearing of the cause by the court the judges were divided in opinion on the following questions :—

1. Whether the notes sued on were usurious.

2. Whether the master's report should in all things be affirmed.

These are the questions certified to us.

The rule is well settled that, to give us jurisdiction on a certificate of division of opinion, the questions certified must be of law and not of fact. *Wilson* v. *Barnum*, 8 How. 258; *Dennistoun* v. *Stewart*, 18 How. 565; *Silliman* v. *Hudson River Bridge Co.*, 1 Black, 582; *Daniels* v. *Railroad Company*, 3 Wall. 250; *Brobst* v. *Brobst*, 4 id. 2. We cannot in this way be called on to consider the weight or effect of evidence. It is equally well settled that we cannot take jurisdiction where the whole case is certified up for adjudication instead of single points. *United States* v. *Bailey*, 9 Pet. 267; *Nesmith* v. *Sheldon*, 6 How. 41.

The certificate in this case is manifestly subject to both these objections. The counsel for the appellants opens his argument with the candid statement that " the first question submitted depends on the solution and determination of the second, to wit: whether the master's report should in all things be sustained?" that is to say, whether the evidence supports the findings, and if it does, whether the master was right in his conclusions of law. This certainly presents the whole case for adjudication, and involves a finding of the facts by this court.

*Appeal dismissed for want of jurisdiction.*