## WATERVILLE *v.* VAN SLYKE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

Submitted January 25, 1886.—Decided March 1, 1886.

When a case is brought here from a Circuit Court for review, in which the matter in controversy is less than $5000, it will be dismissed, although accompanied by a certificate of division of opinion by the judges holding the court, unless that certificate presents a case proper for the consideration of this court.

Each question so certified must present a clear and distinct proposition of law to which the court can respond, and not a proposition of mixed law and facts.

While such a statement must accompany the certificate as to show that the question of law is applicable to the case, the point on which the judges differed must be a distinct question of law clearly stated.

This procedure is meant to meet a case where, two judges sitting, a clear and distinct proposition of law, material to the decision of the case arises, on which, differing in opinion, they may make such a certificate as will enable this court to decide that question. If in reality more than one such question occurs, they may be embraced in the certificate ; but where it is apparent that the whole case is presented to this court for decision, with all its propositions of fact and of law, the case will not be entertained. Such is this case, and it is accordingly dismissed.

The facts which make the case are stated in the opinion of the court.

*Mr. W. W. Guthrie,* and *Mr. E. Stillings* for plaintiff in error.

*Mr. S. E. Brown* for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Circuit Court for the District of Kansas.

In that court there was a judgment against the plaintiff in error for the sum of $1282.06. The amount is too small to give this court jurisdiction on a writ of error to a Circuit Court. There is, however, a certificate of division of opinion between the circuit judge and the district judge sitting at the trial without a jury.

We have decided that under the act of 1872, a case may be brought to this court on a certificate of division, without regard to the amount in controversy. *Dow* v. *Johnson,* 100 U. S. 158. But that decision was based upon a valid certificate which presented *properly* questions material to the decision of the case. If this were not necessary to our jurisdiction, a form of certificate, which might present no question that this court can consider, might be used to require of it a review of other matters than those on which the court divided, though the amount in controversy is insignificant. It is, therefore, only where the certificate does present, in accordance with the statute, a division of opinion in such a manner and on such a question as to give this court jurisdiction that the amount in controversy can be disregarded as an element of jurisdiction.

As to the character of the certificate on which this court will act, the statute of 1872, and the Revised Statutes have made no change, and the decisions of this court, are full on that subject. The substance of these decisions, as applicable to the case before us, is, that each question so certified must contain a distinct proposition of law which this court can answer negatively or affirmatively, and that the whole case cannot be presented by a recital of the evidence and interrogatories so framed

as to require this court to decide the whole case on mixed propositions of law and fact.

In short, while such a statement of facts must accompany the certificate as to show that the question of law is applicable to the case, the *point* on which the judges differed must be a distinct question of law clearly stated.

In *Wilson* v. *Barnum,* 8 How. 258, 262, the court said : " This act has been in force for nearly half a century, . . . and in the multitude of questions which have been certified, this court has never taken jurisdiction of a question of fact. And in a question of law it requires the precise point to be stated, otherwise the case is remanded without an answer."

The same thing is said in *Brobst* v. *Brobst,* 4 Wall. 2, namely, that " it has been repeatedly determined that only questions of law upon distinct points in a cause can be brought to this court by certificate."

In the case of *United States* v. *Briggs,* 5 How. 208, 210, on a demurrer to indictment, the judges certified a division of opinion as to whether the demurrer was well taken ; and though the record showed the grounds of demurrer, the court said : " The question upon which the disagreement took place is not certified. The difference of opinion is, indeed, stated to have been on the *point* whether the demurrer should be sustained. But such a question can hardly be called a point in the case within the meaning of the act of Congress, for it does not show whether the difficulty arose upon the construction of the act of Congress on which the indictment was founded—or upon the form of proceeding adopted to inflict the punishment —or upon any supposed defect in the counts in the indictment. On the contrary, the whole case is ordered to be certified upon the indictment, demurrer, and joinder, leaving this court to look into the record and determine for itself whether any sufficient objection can be made in bar of the prosecution, and without informing us what questions had been raised in the Circuit Court upon which they differed." Having said that the causes of the demurrer could not inform the court on that subject, the Chief Justice added : " But we are bound to look to the certificate alone for the question which occurred and for

the point on which they differed, and, as this does not appear, we have no jurisdiction in the case."

A case very analogous to the one before us is that of *White* v. *Turk*, 12 Pet. 238, in which the court says : "The intention of Congress, in passing the act under which this proceeding has taken place, was that a division of the judges of the Circuit Court, upon a single material point, in the progress of the cause, should be certified to the court for its opinion; and not the whole cause." "This certificate, therefore, brings the whole cause before this court, and if we were to decide the questions presented, it would in effect be the exercise of original, rather than appellate, jurisdiction."

To the same purport is the language of Chief-Justice Marshall in *United States* v. *Bailey*, 9 Pet. 267, 273.

In the case of *Havemeyer* v. *Iowa County*, 3 Wall. 294, the point is fully considered. See also *Dennistoun* v. *Stewart*, 18 How. 565; *Sadler* v. *Hoover*, 7 How. 646.

Applying these principles to the case before us, we think it must be dismissed.

The record shows a finding of facts upon the whole case, as it was submitted to the court without a jury.

This finding is stated to be made under the laws of Kansas in such cases, and not under the act of Congress, concerning a review when a jury is waived, nor under the act concerning differences of opinion between the judges to be certified to this court. The finding is, in fact, nothing but a recital of the evidence on which the presiding justice rendered judgment in favor of plaintiff. They number eleven separate findings of fact, and were excepted to by counsel, and exception was taken to the evidence received to support them.

This is accompanied by the following certificate:

"Be it remembered, that upon the trial of this action upon issue joined upon petition of plaintiff, answer of defendant, and reply of plaintiff, the cause having been duly heard and taken under advisement by the court, was considered by said two judges, and thereupon the said two judges were divided in opinion upon questions of interest and importance arising upon

the conclusions of fact found and stated by the court upon the said trial, viz. :

"1st. Had the defendant, as such city, power to issue such bonds for the said purpose in the original issue thereof, 1872, and did such want of power or such power appear upon the face thereof?.

"2nd. Did defendant issue the said bonds sued on?

"3rd. If issued by defendant, had defendant power, as such city, to issue such bonds sued on for the said purpose therein expressed, and did such want of power, if not existing, appear upon the face of such bonds?

"4th. If such bonds sued on were issued by defendant and disposed of in open market for value, without other notice to purchasers than such as all persons were bound to take from the public character thereof, is the defendant estopped from denying its liability thereon to plaintiff?

"5th. Upon the conclusions of fact so found and stated upon the trial of this action is the plaintiff entitled to judgment for said amount stated, the said circuit judge being of opinion that such questions should be determined in favor of the plaintiff and judgment rendered in his favor for the said amount stated, and the said district judge differing therefrom?

"And judgment having been ordered in favor of plaintiff, and defendant having duly excepted thereto:

"It is now here ordered that the said questions as above stated, and upon which the said judges were divided in opinion, as aforesaid, that same shall be forthwith stated under the direction of said judges and certified and entered of record in said cause for writ of error to the Supreme Court of the United States, and which is now accordingly done in open court at said term thereof, and writ of error from such judgment is now allowed to said defendant, and bond fixed therefor to operate as supersedeas in the sum of $2000.

"Done and certified this 3rd day of March, A.D. 1885, in open court."

We do not see that any distinct question of law is stated on which the judges differed. In every instance it is what infer-

ence should be drawn from the facts found in the case, or rather from the evidence.

Take the first question. Does it refer to want of legislative action in regard to the power, or to want of constitutional power, in the legislature? Or does it refer to the want of proper action by the town authorities, or to want of the recital of their action in the face of the bond.

As to the second question, it appears to present a simple question of fact as to the actual issue of the bonds by the defendant. The third is very much like the first.

The fourth and fifth are still less presentations of any distinct propositions of law, but are mixed propositions of law and fact, in regard to which the court cannot know precisely where the division of opinion arose on a question of law alone.

And finally, it is very clear that the whole case has been sent here for us to decide, with the aid of a few suggestions from the circuit judges, of the difficulties they have found in doing so.

It presents nothing like as clear a case as that of a demurrer to an indictment, which demurrer recited the grounds on which it was made, but which this court held presented no statement of the question of *law* on which the judges differed. *United States* v. *Briggs*, 5 How. 208.

We repeat that this procedure is not intended to enable the parties in the Circuit Court to bring up the entire case to be retried here. It is meant to meet a case where, two judges sitting, a clear and distinct proposition of law, material to the decision of the case, arises, on which, differing, they may make such a certificate as will enable this court to decide that question. If in reality more than one such question occurs, they may be embraced in the certificate, but where it is apparent that the whole case is presented to this court for decision, with all its propositions of fact and of law, the case will not be entertained. Such a case is this, and it is accordingly

*Dismissed.*