## WILLIAMSPORT BANK *v.* KNAPP.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF PENNSYLVANIA.

Argued November 23, 24, 1886. — Decided December 13, 1886.

Each question certified to this court upon a division of opinion of the judges in the Circuit Court must be a distinct point of law, clearly stated, and not the whole case, nor whether upon the evidence judgment should be for one party or for the other.

The original action was debt on § 5198 of the Revised Statutes, brought in the Circuit Court of the United States for the Western District of Pennsylvania, against a national banking association established within that district, to recover twice the amount of interest, at the rate of nine per cent., received by the

defendant upon the discount of certain promissory notes. Section 5197 prohibits any such association from receiving upon such a discount a higher rate of interest than is allowed by the laws of the State in which the bank is established, except that where by the laws of the State "a different rate is limited for banks of issue organized under State laws," the rate so limited is allowed. The answer denied that the defendant owed the sums demanded, or had violated any provision of the national banking act.

The record showed that at the trial certain oral testimony, therein stated, was offered by the plaintiffs in support of their allegations, was objected to by the defendant, the objection was overruled, and the defendant took exceptions. The record also showed that the defendant, for the purpose of proving that at the time of the discounts in question there were banks of issue, organized under the laws of Pennsylvania, allowed to receive interest on discounts at as high a rate as that received by the defendant, offered in evidence charters from the legislature of Pennsylvania of a number of banks, (the titles of which were given,) some of which were thereby expressly authorized to receive interest at such rates as might be agreed upon by the parties; and also offered in evidence a number of other bank charters, in connection with evidence that some of the banks issued notes of circulation, commonly ca'led bank notes, without special authorization of law, in order " to show that incorporated banks and banking companies in Pennsylvania issued notes of circulation, commonly called bank notes, under their respective general corporate powers, and not by virtue of any special authorization of law to issue such notes; and to show that incorporated banks and banking companies in Pennsylvania, not specially prohibited from issuing such notes, are banks of issue within the meaning of the act of Congress, by virtue of their incorporation and organization as banks or banking companies, and without any special authorization of law to issue such notes;" and the evidence so offered by the defendant was objected to by the plaintiffs, and admitted subject to their exception.

The record further showed that a verdict was returned for

the plaintiffs, and that the Circuit Judge and the District Judge signed a certificate that they were opposed in opinion upon the following questions arising at the trial:

"First. Whether under the evidence the defendant was legally authorized to take, receive, reserve and charge on the loans or discounts made for the plaintiffs upon the notes, bills of exchange and other evidences of debt, offered and received in evidence on the part of the plaintiffs, at the rate of interest charged by the defendant and paid by the plaintiffs, as shown in evidence, to wit, at the rate of nine per centum per annum.

"Second. Whether under the laws of the State of Pennsylvania a rate of interest or discount was limited for banks of issue, organized under State laws, at a rate equal to or exceeding that charged by the defendant to the plaintiffs, and whether the defendant was, under the evidence and the acts of Congress, allowed to take, receive, reserve and charge the rate so limited for the discounts made for the plaintiffs, to wit, at the rate of nine per centum per annum.

"Third. Whether the decision of the Supreme Court of Pennsylvania, 'that there are no banks, nor have there been any such banks in Pennsylvania, authorized to take and receive interest at a greater rate than six per cent.,' is binding and conclusive upon the judgment of the courts of the United States in determining the construction and effect in Pennsylvania of the acts of Congress commonly called the currency acts, and especially §§ 5197 and 5198 of the Revised Statutes of the United States.

"Fourth. Whether upon the whole evidence the plaintiff was entitled to recover."

Judgment was rendered for the plaintiffs in the sum of $2150.38, and the defendant sued out this writ of error.

*Mr. C. La Rue Munson* and *Mr. William H. Armstrong* for plaintiff in error. *Mr. Henry W. Watson* was with them on the brief.

*Mr. Henry C. Parsons* and *Mr. Henry C. McCormick* for defendants in error. *Mr. J. C. Hill* and *Mr. H. T. Ames* were with them on the brief.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

Assuming, what does not appear in the record, that the evidence stated in the bills of exceptions was all the evidence introduced at the trial and referred to in the certificate of division, that certificate is clearly insufficient to support the jurisdiction of this court.

Under the acts of Congress, authorizing questions arising on a trial or hearing before two judges in the Circuit Court, and upon which they are divided in opinion, to be certified to this court for decision, it has always been held that each question certified must be one of law, and not of fact, nor of mixed law and fact, and that it must be a distinct point or proposition, clearly stated, and not the whole case, nor the question whether upon the evidence the judgment should be for one party or for the other. *Saunders* v. *Gould*, 4 Pet. 392; *United States* v. *Bailey*, 9 Pet. 267; *Weeth* v. *New England Mortgage Co.*, 106 U. S. 605; *California Paving Co.* v. *Molitor*, 113 U. S. 609, 615–617; *Waterville* v. *Van Slyke*, 116 U. S. 699–704.

Tested by these rules, the first and second questions certified, each being whether "under the evidence" the defendant was authorized to receive interest at a certain rate, as well as the fourth question, "whether upon the whole evidence the plaintiff was entitled to recover," are not questions which this court is required or authorized to answer.

The third question is equally irregular and insufficient. Instead of being clearly and distinctly stated, it is quite obscure and ambiguous, for it does not show whether the supposed decision of the Supreme Court of Pennsylvania, "that there are no banks, nor have there been any such banks in Pennsylvania, authorized to take and receive interest at a greater rate than six per cent.," was based upon matter of law, or matter of fact, or both. The latest reported decision of that court, to which the learned counsel for the plaintiff in error referred to explain this question, affirmed a ruling of a lower court that, "in fact and in law, there is no bank of issue in Penn-

sylvania, authorized to charge a rate of interest in excess of the legal rate;" and said nothing upon the question whether there ever had been any such banks. *Lebanon National Bank* v. *Karmany*, 98 Penn. St. 65, 73.

Neither the amount of the judgment below, nor the certificate of division, being sufficient to give this court jurisdiction, it necessarily follows, as was held in *Weeth* v. *New England Mortgage Co.* and *Waterville* v. *Van Slyke*, above cited, that the

*Writ of error must be dismissed.*