## STATE BANK *v.* ST. LOUIS RAIL FASTENING COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ILLINOIS.

Submitted April 22, 1887. — Decided May 23, 1887.

The question whether, upon all the facts specially found by the Circuit Court when a trial by jury has been waived, the plaintiff has the legal right to recover, is not one which can be brought to this court by a certificate of division of opinion.

THIS was an action of assumpsit, brought by a corporation of Missouri against a national bank established in Illinois, to recover the amount of certain checks drawn on the bank in favor of the corporation. Plea, non assumpsit. A jury was duly waived, and the Circuit Court, held by two judges, found and stated in detail certain facts, which may be summed up as follows:

About March 1, 1873, the bank was appointed depository for the United States District Court for the Southern District of Illinois, and was informed of the appointment. Shortly afterwards the clerk of that court began to deposit with the bank funds belonging in the registry of the court, and by his direction the bank opened an account with the court. These deposits were at first made to the credit of the particular case

to which the funds belonged, by name and number; but subsequently by the clerk's direction the name was dropped and only the number was entered on the ticket accompanying each deposit, as well as in the books of the bank and in the clerk's deposit book, the bank understanding that the numbers referred to the cases in the court.

During the years 1879, 1880 and 1881 case No. 2105 was pending on the bankruptcy side of the court, and deposits of moneys realized from the estate of H. Sandford & Co., and belonging in that case, amounting to $38,300, were so made and entered.

In May, 1881, four checks, for $2653.41 in all, drawn by the clerk and countersigned by the judge of the District Court, and in the form adopted by the court in its dealings with the bank, were given by the clerk to the plaintiff for dividends on its claims proved in case No. 2105, and were afterwards presented to the bank, and refused payment, and on July 8, 1881, were protested for non-payment.

The funds belonging to case No. 2105 that had been deposited with the bank would have been more than sufficient to pay these and all other checks drawn in that case; but the account of the court had been overdrawn to the amount of $43.13, by the bank's having paid checks in the usual form, including many checks drawn in cases, as indicated by the numbers, in which no deposit had ever been made. The bank always treated the account as an entirety, and paid out of it all the checks drawn against it until the deposits were exhausted.

The bank never was furnished with a copy of Rule 28 in bankruptcy, and had no actual knowledge of that rule. The clerk never presented to the court the account and vouchers required by Rev. Stat. § 798, and never made, or was required to make, the monthly report provided for in that rule.

The two judges certified to this court that upon these facts they were "opposed in opinion as to the legal right of the plaintiff to recover on the checks in controversy." The presiding justice being of opinion that the law of the case was with the plaintiff, judgment was entered accordingly in the Circuit Court, and the defendant sued out this writ of error.

*Mr. Milton Hay* and *Mr. Henry S. Greene* for plaintiff in error.

*Mr. C. C. Brown* and *Mr. George Hunt* for defendant in error.

Mr. Justice Gray, after stating the case as above reported, delivered the opinion of the court.

The matter in dispute being less than $5000, the jurisdiction of this court depends upon the certificate of division of opinion, in which the only question certified is whether, upon all the facts found by the court, the plaintiff has the legal right to recover upon the checks in controversy.

But the office of a certificate of a division of opinion between two judges in the Circuit Court is to submit to this court one or more points of law, and not the whole case, nor the general question whether upon all the facts, as agreed by the parties in a case stated, or specially found by the court when a trial by jury has been waived, the judgment should be for the one party or the other.

In *Harris* v. *Elliott*, 10 Pet. 25, one of the questions certified was, "upon the facts stated, whether the plaintiffs have any right or title to the lands taken for streets, in which the trespass is supposed to have been committed, and can maintain their said action." This court held that it could express no opinion upon that question, because, as said by Mr. Justice Thompson in delivering judgment, it "is too general, embracing the merits of the whole case, and does not present any single point or question; and it has been repeatedly ruled in this court, that the whole case cannot be brought here, under the act of 1802, upon such a general question."

The subsequent decisions under the successive acts of Congress upon this subject are uniformly to the same effect. *United States* v. *Briggs*, 5 How. 208; *Nesmith* v. *Sheldon*, 6 How. 41; *Waterville* v. *Van Slyke*, 116 U. S. 699; *Williamsport Bank* v. *Knapp*, 119 U. S. 357.

The necessary conclusion is, that the question certified cannot be answered, and that the

*Writ of error must be dismissed.*