THE KELLEY-GOODFELLOW SHOE COMPANY ET AL. v. LIBERTY INSURANCE COMPANY.

No. 158.

1. Practice—Certifying Questions to Supreme Court.

Under the statute authorizing issues of law arising in cases before a Court of Civil Appeals to be certified to this court, *the very question to be decided* must be certified; and it was never contemplated that practically all of a complicated case should be so certified................ 114

2. Same.

A statement of the pleadings, and of numerous questions arising, with questions involving matters of law and of fact; of pleadings, of evidence, of construction of clauses in an insurance policy, of mode of empanelling jury, etc., can not be considered as a compliance with the statute. The United States statutes formerly in force were as broad as that now in force in this State, and under those statutes such certificates as that now in question have been constantly refused consideration.................................................................... 114

### 3. Certifying Questions.

It is not held that several questions of law may not be certified when essential to the decision of a case; but we do wish to be understood to hold that none other than purely questions of law can be considered; that these must be clearly stated, and that in no case does the statute contemplate that an entire case, with questions controlling and dependent, in effect be thus transferred to this court for decision............ 115

QUESTIONS CERTIFIED from Court of Civil Appeals for Fifth District, in an appeal from Lamar County.

*Dudley & Moore*, for appellant Kelley-Goodfellow Shoe Company.

*Lightfoot, Denton & Long*, for appellants McBath and Wortham.

*Allen & Allen*, for appellee.

*Leake, Shepard & Miller*, also for appellee.

STAYTON, CHIEF JUSTICE.—The controversy to which the questions certified relate is one between an insurance company, the insured, a trustee to whom the policy had been assigned, and a creditor of the insured who had caused writ of garnishment to be served on the insurance company.

Nine questions are certified, which, when subdivided as they are, embrace many more; and from the statement of the case, which embraces the substance of the pleadings of the respective parties, and the questions themselves, it is evident that the entire case has been sent to this court for opinion as to how it should be decided.

The questions embrace matters of practice, such as the proper method of empanelling a jury in such a case; questions on the admission and rejection of evidence; questions on pleadings, and their sufficiency to authorize evidence offered; questions on the construction and effect of isolated clauses of the policy; and in fact, whether they could be considered as parts of the policy, and if so whether they contain warranties; questions on the giving and refusing to give instructions, and as to their correctness; questions of waiver of some of the requirements of the policy, which must be more or less questions of fact; questions of the effect of notice to the local agent of the company of facts at the time the policy was issued and subsequently; and of the correctness of charges based on such matters, as well as upon many others.

This is but a partial outline of the contents of the certificate, which covers thirteen closely type-written pages, which to dissect and pass upon intelligently would take much more time than would it to decide the cause upon the transcript.

The statute authorizes issues of law arising in cases before a Court of

Civil Appeals to be certified to this court for decision, and these—" the very questions to be decided "—must be certified; but it never was contemplated that practically all of a complicated case should be so certified. Such a course as pursued in the present case would practically operate as a transfer of a case to this court for decision, both on law and fact, while the laws vest that jurisdiction in Courts of Civil Appeals.

This court can not usurp such a jurisdiction.

The United States statutes formerly, if not now, in force, were as broad as that now in force in this State, and under those statutes such certificates as that now in question have been constantly refused consideration. Saunders v. Gould, 4 Pet., 392; United States v. Bailey, 9 Pet., 272; Waterville v. Van Slyke, 116 U. S., 699; United States v. Hall, 131 U. S., 51; Jewell v. Knight, 123 U. S., 432; White v. Turk, 12 Pet., 238; Nesmith v. Sheldon, 6 How., 42; Luther v. Borden, 7 How., 47; Dennistoun v. Stewart, 18 How., 565.

In Webster v. Cooper, 10 Howard, 54, it was said: "It appears by the record that the whole case has been divided into points and sent up to this court, and several of the latter points could not have arisen on the trial until the previous ones were first decided. * * * This court has frequently said that this practice is irregular, and would, if sanctioned, convert this court into one of original jurisdiction in questions of law, instead of being, as the Constitution intended it to be, an appellate court to review the decisions of inferior tribunals. Indeed, it would impose upon it the duty of deciding in the first instance not only the questions of law which properly belong to the case, but also questions merely hypothetical and speculative, and which might or might not arise, as previous questions were ruled the one way or the other."

In Nesmith v. Sheldon it was said: "Upon opening the record, it is evident that the whole case has been sent up in this form. It is, indeed, divided into points, but most of them are merely hypothetical, and might never have arisen or required a decision in the Circuit Court. For whether they would or would not arise depended altogether upon the decision of points which procede them in the statement. * * * We have repeatedly said, that under such certificates of decision we have no jurisdiction."

" The points certified must be questions of law only, and not questions of fact, or of mixed law and fact; 'not such as involve or imply conclusions or judgment by the court upon the weight or effect of testimony or facts adduced in the cause.' * * * The whole case, even when its decision turns on matters of law only, can not be sent up by certificate for decision. Saunders v. Gould, 4 Pet., 392; United States v. Bailey, 9 Pet., 267; Harris v. Elliott, 10 Pet., 25; White v. Turk, 12 Pet., 238; United States v. Briggs, 5 How., 208; Sadler v. Hoover, 7 How., 646; United States v. Northway, 120 U. S., 327; State Bank v. St. Louis Co.,

122 U. S., 21. Nor can a splitting up of the whole case into the form of several questions enable the court to take jurisdiction." Jewell v. Knight, 123 U. S., 432.

These conclusions and rules are applicable to the certificate under consideration.

The whole case practically is certified; we are asked to decide questions which are mixed questions of law and fact, and it may be true that many of the questions certified can have no controlling effect upon the case, in view of others.

We do not wish to be understood to rule that several questions of law arising in a case may not be certified when essential to the decision of a case; but do wish to be understood to hold, that none other than purely questions of law can be considered; that these must be clearly stated, and that in no case does the statute contemplate that an entire cause, with questions controlling and dependant, shall, in effect, be thus transferred to this court for decision. A Court of Civil Appeals can not thus surrender or refuse to exercise the jurisdiction conferred upon it by law; nor can this court assume the right to exercise a jurisdiction not thus conferred upon it.

The certificate will be dismissed, and the action of this court certified, with a copy of this opinion, to the Court of Civil Appeals, that it may decide the cause in due course of business.

Delivered June 4, 1894.