Mr. Chief Justiee TANEY
 

 delivered the opinion of the court.
 

 This case comes before the court upon a certificate of division, and has been submitted on printed arguments.
 

 The plaintiff, who claims as assignee of what is generally called the-Wdodworth patent, filed a.bill in equity, praying an injunction against the defendant to restrain him from using a certain machine, in which, as the complainant charged, boards .were planed, tongued, and grooved in the same manner as in the Woodworth machine; the machine of the defendant operating in the same way in every respect as the one for which the complainant held the patent.
 

 The defendant, in his answer, denied that his machine was substantially like and upon the plan of the Woodworth machine. Other defences were also taken in the answer. But it is not necessary to notice them, as they do not concern the question certified.
 

 A great mass of testimony was taken on both sides in the Circuit Court, and models and drawings produced of the two machines; all of which have been sent ‘up for the examination and consideration of this court, with the certificate of division.
 

 On the final hearing of the casé, the judges of the Circuit Court differed in opinionkm the following question : — “ Whether, according to the true construction of the Woodworth patent, as amended, the machines made or used by the defendant at the- time of filing the bill, or either of them singly, do or do not infringe the said amended letters patent ? ”
 

 The question thus certified is one of fact, and has been discussed as such in the arguments offered on both sides. It is a question as to the substantial identity of the two machines. And its decision must depend upon the testimony of witnesses; the examination of the models and drawings, or of the machines themselves; and the application of mechanical principles and combinations, which the court could learn only
 
 *262
 
 from the testimony of persons skilled in the science of mechanics.
 

 The jurisdiction of this court to hear and determine a question certified from the Circuit Court is derived altogether from the Act of 1802, ch. 31, § 6 (2 Stat. at Large, 159); and that act evidently gives the jurisdiction only in cases where the judges of the Circuit Court differ in opinion on a point of law. The language of the whole provision upon this subject so clearly requires this construction, that it is unnecessary to comment on it. And it would be utterly inconsistent with the well known and established proceedings of courts of equity, as well as courts of common law, to take out of a case during its' progress a single question of fact, and send it here with the evidence upon that point only, for the final decision of this court. In the case before us, a great number of facts must be ascertained and determined from the evidence, before- a final opinion could be formed upon the question certified.
 

 Besides, this act of Congress has been in force for nearly half a century, and has been repeatedly acted on in this court; and it has uniformly received the construction we now give to it. 'In the multitude of questions which have been certified-, this court has never taken jurisdiction of a question of fact. And in a question of law it requires the precise point to be stated, otherwise the case is remanded without an answer.
 

 The question now -certified being one of fact, we have no jurisdiction; and the case must therefore be remanded to the Circuit Court, to be there proceeded in as law and justice may require.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Pennsylvania, and on the point or question on which the judges of the said Circuit Court were opposed in -opinion, and which was certified to this court for its opinion, agreeably to the act of Congress in súch case made and provided, and was argued by counsel. And it appearing to this court, upon an inspection of the said transcript, that no point in the case, within the meaning of the act of Congress, has been certified to this court, the'point or question being one of fact, it is thereupon now here ordered and degreed by this court, that this cause be, and the same is hereby;'"dismissed, and,that this cause be, and the same is hereby, remanded to the said ■ Circuit Court, to be proceeded in according to law.