SILLIMAN *vs.* HUDSON RIVER BRIDGE COMPANY.—COLEMAN *vs.* SAME.

1. In a case where the judges of the Circuit Court have divided in opinion upon several questions, one of them being whether the court has jurisdiction, the question of jurisdiction must be determined before any opinion can be expressed on the others.

2. If the judges of this court, as well as the court below, are equally divided on the question of jurisdiction, the case will be remitted for such further action as may be required by law and the rules of court.

3. Where the record (of an equity case) goes down in this condition, it is the established rule to dismiss the bill and leave the plaintiff to his remedy by appeal.

4. Whether the evidence is sufficient to prove an averment in the pleadings, is a question of fact, and cannot, therefore, be brought into this court upon a certificate of division.

Both these cases came up on certificates of the judges of the Circuit Court that they were divided in opinion on certain points raised at the trial.

The questions on which the judges divided in the court below are mentioned in the opinion of Mr. Justice *Nelson.* The arguments of counsel here were mainly on the merits of the

cause; but this court being also divided, nothing was determined except the points of practice noted at the head of this report.

*Mr. Beach,* of New York, and *Mr. Reverdy Johnson,* of Maryland, for complainants.

*Mr. Pruyn,* of New York, for defendants.

Mr. Justice NELSON. These were suits in equity, in which the bills were filed in October, 1856, to obtain a decree for an injunction perpetually restraining the defendant from erecting a bridge across the Hudson river, at Albany, authorized by an act of the Legislature of the State of New York, passed on the 9th day of April, 1856. The defendant answered both bills, to which general replications were filed and proofs taken, and the causes brought on for hearing, and heard together, upon pleadings and proofs.

And upon the hearing of each of the said causes, the following questions occurred, to wit:

First. Whether or not the court, under the Constitution and laws of the United States, has the power perpetually to restrain the erection of the bridge across the Hudson river, at Albany, proposed to be erected by the defendants in the manner provided for or authorized by the acts of the Legislature of the State of New York, mentioned in the pleadings and proofs herein, in case the plaintiff, being the owner of vessels holding coasting licenses, shows, to the satisfaction of the court, that such bridge, if erected, will materially obstruct, delay, or hinder such vessels in the navigation of said river, while engaged in commerce between said State of New York and other States.

Second. Whether or not the evidence in this case shows that the bridge in controversy will, if erected, constitute a material obstruction and impediment to the navigation of the Hudson river for the vessels of the plaintiff, mentioned in the pleadings and proofs.

Third. Whether or not the defendant is entitled to a decree dismissing the bill, on the ground that the complainant has an

adequate remedy at law for all injury he may sustain by reason of the erection of the said bridge, should the same be erected as proposed.

On which several questions the opinions of the judges were opposed.

Whereupon, on motion of the defendants, by their counsel, that the points on which the disagreements hath happened may, during the said term, be stated under the direction of the judges, and certified under the seal of the court to the Supreme Court of the United States, to be finally decided—

It is ordered that the said points of disagreement, together with the pleadings and proofs herein, be, and they hereby are, certified, according to the request of the defendants, as aforesaid, and of the act of Congress in that case made and provided.

This court, after hearing the arguments of counsel for the respective parties, and upon consideration of the first question, are equally divided in opinion, and, consequently, no instructions can be given to the court below concerning it. And, being thus divided on the first question, which involved the jurisdiction of the court below over the subject-matter of the suits, no opinion can be properly expressed upon the two remaining questions. These two questions can become material only, or be inquired into, after jurisdiction has been entertained in the cases, and the court bound to proceed to a final disposition of them.

We may add, also, that the second question is one which, according to a decision of this court, is not properly certified here, the question being one of fact 8 How., 258.

This being the condition and posture of the cases, it becomes proper and necessary to remit them to the court below, for the purpose of enabling that court to take action upon them, and such further proceedings as the rules of the court or principles of law may require. The rights and interests of both parties call for such a disposition of the cases here; for, as the judges of the court below were divided in opinion upon the question of jurisdiction, when the cases go down, as they must, for final disposition in that court, the bills in the two cases, according

to the established rule of proceeding, under the circumstances · stated, are to be dismissed, and a decree to that effect entered, so that the parties aggrieved may, if they think proper, bring up the questions on appeal for review from the final decree.