## Hannauer *v.* Woodruff.

Where, on a certificate of division from a Circuit Court, this court is equally divided in opinion, the case will be remitted to the court below for the purpose of enabling it to take such action as it may be advised.

On a certificate of division in opinion between the judges of the Circuit Court for the Eastern District of Arkansas.

The case was thus:

Woodruff made and delivered to Hannauer, at Memphis, Tennessee, on the 22d of December, 1861, a promissory note, dated that day, for $3099, with interest.

The only consideration of this note was certain bonds issued by an ordinance of the convention which attempted to carry the State of Arkansas out of the Federal Union, by what is called the secession ordinance.

These bonds were issued for the purpose of supporting the war levied by the insurrectionary bodies then controlling the State of Arkansas against the Federal government, and were styled "War Bonds" on their face, and the purpose of their issue was well known to both parties to the note.

The bonds had at the time of the transaction a value not much below their par value on their face, say ten per cent., at Memphis and in Arkansas.

The war bonds received by Woodruff were not used, or intended to be used, by him in support of the war aforesaid.

On these facts two questions of law arose on which the judges of the circuit were divided in opinion, to wit:

1st. Was the consideration of the note void on the ground of public policy, so that no action could be sustained on it in the Federal courts?

2d. If the bonds were a sufficient consideration to sustain the action, what was the measure of damages?

*The case was submitted on a brief of Mr. Garland, for the plaintiff, Hannauer; no counsel appearing contra.*

Mr. Justice NELSON announced the judgment of this

court, to the effect, that it being equally divided in opinion upon the questions, the case would be remitted to the court below for the purpose of enabling that court to take such action therein as it might be advised; this direction being in conformity, the learned justice observed, with the opinion of the court in *Silliman* v. *The Hudson River Bridge Company*.*

ORDER ACCORDINGLY.