## The Snap.[1]

### Cokeley and another v. The Snap.

*(District Court, D. New Jersey. August 6, 1886.)*

1. CARRIERS—OF GOODS—TRANSPORTATION—LIABILITY.
   A carrier by land or water is responsible for the safe custody and due transportation of the goods which he contracts to carry.
2. TOWAGE—ABANDONMENT OF TOW—LOSS—GENERAL AVERAGE UNDER INSURANCE POLICY.
   Where a tug willfully abandoned a barge, which sunk in consequence, damaging its cargo, the barge, as co-insurer with the insurance company, was liable for damages done to the cargo by the fault of the tug.

In Admiralty. Exceptions to commissioner's report.
*Hyland & Zabriskie,* for libelants.
*Wallis & Edwards,* for respondents.

WALES, J. I have considered these exceptions, and the points made by the respective proctors of the parties in support of and in opposition thereto.

The only exception that created any doubt was the one made to the item of $57.58 for general average under the insurance policy

[1]See opinion in same case, 24 Fed. Rep. 504.

as being too remote. The doctrine, however, is too well settled to admit of controversy, that a carrier by land or water is responsible for the safe custody and due transportation of the goods which he contracts to carry. *The Commerce*, 1 Black, 582. In this case the barge was liable for the damage done to the cargo by the fault of the tug. The barge, valued at $150, was a co-insurer with the insurance company of the cargo, and liable for its proportion of the loss, and was compelled to pay this item in consequence of the willful abandonment on the part of the tug by which the former was exposed to the running ice, and sunk, and the cargo damaged. The charge, therefore, is not remote, but almost immediate and direct.

The exceptions are therefore overruled, and a decree will be entered for the libelants for the amount found by the commissioner, with costs.