**ONE–TWO–THREE CO., Inc., v. TAVERN FRUIT JUICE CO., Inc.**

**Civil Action No. 2750.**

District Court, E. D. New York.

March 1, 1944.

Guggenheimer & Untermyer, of New York City (Mitchell Salem Fisher and Rudolph E. Uhlman, both of New York City, of counsel), for plaintiff for the motion.

Isaac Reiss, of New York City, for defendant, opposed.

INCH, District Judge.

This is a motion to hold the above named defendant in civil contempt and impose such punishment as may be just. The contempt relates to an alleged failure by the defendant to obey a consent decree in a patent, trade-mark, and copy-right, suit.

The motion first came on to be heard before Judge Abruzzo, who duly referred same to me because I had signed the consent decree. Counsel for each of the parties have orally argued their respective claims and submitted briefs.

The real issue is narrow but in order to understand the circumstances a brief reference to the consent decree and steps leading thereto is first deemed necessary.

Both the plaintiff and defendant are engaged in making and vending a so-called cocktail mixer liquid in display packages, largely, if not exclusively, sold to bar-

rooms and similar places. According to counsel for plaintiff its article has been very successful and its sales largely in excess of that of defendant. I gather from the statement of counsel for the defendant that its article has been confined for the most part to a lemon flavor. Both plaintiff and defendant have been engaged in this business for a number of years.

At any rate, in June 1942, the plaintiff brought suit against the defendant in this court for alleged violation of its patent etc., and in July 1942 a stipulation, signed by both parties, was filed in the clerk's office of this court whereby, among a number of other things, the defendant consented to the entry of a decree.

This stipulation and consent sets forth that the defendant admits making and vending a combination display package and selling same called "3 Up" cocktail mixer in certain display packages arranged, constructed and combining that set forth in plaintiff's patent No. 1,731,153 and recited in the claims thereof without license or permission of the plaintiff.

That defendant agreed that said patent is a valid subsisting patent and that its use etc., of said cocktail mixer and package infringed said patent.

That since 1940 officers of the plaintiff had owned said patent and the plaintiff had and still has an exclusive license under said patent.

That defendant had advertised and offered for sale its mixer in packages infringing and violating Trade-Mark No. 382,817 owned by plaintiff, that plaintiff has been making its mixer since 1939 to be used in making cocktails placing said liquid in two bottles in a display package covered by said patent No. 1,731,153.

That the chief characteristics of the display package of plaintiff is in having two bottles removably inserted within a package, the necks of said bottles being extended above the package through openings in the upper flap, and the package having a transparent and open side, in such a manner that one of the bottles may be readily seen from the outside of the package. That plaintiff has acquired a good will and reputation under the name "1-2-3 Company" and become widely known as the "3 Company" by its customers.

That in 1942 defendant began to utilize a trade name known as "3 Up" in pack-ages which were substantially identical with the packages etc., of plaintiff. That the defendant stipulates, consents and agrees that a perpetual injunction may be granted restraining it as follows:

From making articles infringing said patent No. 1,731,153 and more in detail from manufacturing and selling mixers in packages using the mark "3 Up" or "1-2-3" or any numeral or letters or series of numerals or letters which duplicate, imitate or simulate the numerals, letters or series of numerals or letters used by the plaintiff.

The consent covers a number of other things in regard to the then container of defendant which are not material in the controversy now before the court.

The stipulation and consent allowed, however, the defendant to continue its business and sale of cocktail mixers.

Upon this stipulation and consent and on July 20, 1942 a consent decree was signed by this court based upon the above stipulation and consent and thereby it was decreed that the defendant was perpetually restrained and enjoined from making articles infringing the said patent No. 1,-731,153 and "from manufacturing and selling, advertising and offering for sale mixers or similar products with packages or advertising using any of the following:

1. The mark "3 Up" or "1-2-3".

2. Any numeral or letter or series of numerals or letters, which duplicated, imitated or simulated the numerals, letters "of" (sic) or series of numerals "of" (sic) or letters used by the plaintiff.

4. Any other marks in imitation or simulation of the trade-mark and labelling of the trade-mark of the plaintiff 1-2-3 Company Inc., or any part thereof.

It was however also decreed that the injunction was not to prohibit or be deemed to prohibit the manufacture and sale by the defendant of cocktail mixers.

At the outset it is plain to me that the present package of defendant is so dissimilar in its general appearance from the package and container of the plaintiff that no one of the public would be misled. Neither the claims of plaintiff's patent nor the appearance of defendant's original package is presented with these motion papers nor is it deemed necessary. Nor does plaintiff, as I understand it, insist on a claim of confusion because of the general appearance of defendant's present package.

In other words plaintiff complains and alleges that the defendant in spite of the change of dress of its package has, nevertheless, cleverly violated the consent decree by substituting for the marks "3 up" or "1–2–3", or any numeral or letter or series of numerals or letters, certain marks and letters or series of same which do duplicate, imitate or simulate them. This is the real issue. Before deciding this issue it is well to remember that the essence of this consent decree and this motion to punish for alleged violation thereof, is, in a sense, to protect the monopoly granted by the patent particularly No. 1,731,153. I can find no substantial evidence that defendant has copied directly the trade-mark of plaintiff.

I mention this for the reason that only recently our Circuit Court of Appeals decided in Nachman Spring-Filled Corp. v. Kay Manufacturing Corp., 2 Cir., 139 F.2d 781, that where a plaintiff and defendant by contract consented to the validity of the patent and the only issue litigated in the court below was that of alleged infringement that, nevertheless, on appeal, for the first time, the defendant having been found to infringe, could raise the question of the illegality of the contract or stipulation that the patent was valid, and, in spite of the consent of the parties, that court directed that the case be remanded to the trial court to hear and determine the actual validity of the patent so consented to.

To be sure counsel for plaintiff argues that the validity of the injunction cannot be attacked on this motion. Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 2 Cir., 86 F.2d 727, and cases cited.

But it is unnecessary here to discuss this question further for the reason that I do not think that the facts show, with the required plainness, that defendant has committed a contempt in doing what it has done.

Plaintiff's argument is that the issue presented is not necessarily one of confusion, nevertheless, that the final consent decree enjoined the defendant from using a numeral or letter or series of numerals or letters which imitate or duplicate those of the plaintiff and that the defendant has imitated the series of the plaintiff. That the defendant is in contempt for using a series of letters or numerals which imitated either a series of letters or numerals used by the plaintiff.

An examination of the two packages shows that plaintiff's bottles are prominently designated, where the neck of the bottles protrude from the package, as A and B.

Defendant's package does not use either of these letters individually or as a series. The numerals used by the plaintiff are 1–2–3. The defendant does not use any such numbers. The defendant uses on the front of its package the letters L.M.N. for the reason that it claims that this shows it is a lemon extract. The plaintiff claims however that though the numerals 1–2–3 are not duplicated or used by the defendant and in plaintiff's package ascend, the letters L.M.N. of defendant's package descend and are a series and therefore forbidden by the decree.

Counsel for plaintiff also points out that in some of the pictures on defendant's label there are, if one wants to make such a fine discrimination, three cocktail glasses together with others and three musicians among others in a pictured band. Certainly the letters L.M.N. does not imitate the letters A and B nor should defendant be punished for contempt based on any such distinction as to direction of its letters or that three cocktail glasses, among others, or three members of an orchestra consisting of a number of others are shown.

By the decree the defendant is allowed to use its package provided it does not duplicate or simulate the letters or numerals or series thereof of the plaintiff. The decree does not provide for restraining defendant from using other letters or other numbers provided they do not clearly duplicate or simulate those used by the plaintiff.

On the argument of the motion counsel for defendant claimed that the letters L.M.N. were used to inform the purchaser at a glance that the bottles contained lemon extract and as to an inquiry by the court why the word "lemon" was not chosen it was intimated by counsel for plaintiff, and possibly applicable to both plaintiff and defendant, that the use of such a word might bring such a preparation into collision with another statute relating to the nature of a liquid so to be sold.

It seems to me after careful consideration that plaintiff is endeavoring to have the defendant held in contempt by reading into the decree something that is not forbidden. The violation, if found,

must depend upon plain facts of intendment to violate the decree. Terminal R. R. Ass'n v. U.S., 266 U.S. 17, 29, 45 S.Ct. 5, 69 L.Ed. 150.

Cases cited by counsel for plaintiff such as the John B. Stetson Co. v. Stephen L. Stetson Co. 2 Cir., 28 F.2d 981 and California Fruit Growers Exchange v. Sunkist Drinks, D.C., 25 F.Supp. 401 arose on entirely different facts from those here presented and, in my opinion, do not apply.

My own opinion is that, the facts do not show an intentional violation of the decree by defendant but assuming the most favorable view for plaintiff of what defendant has done plainly a reasonable doubt as to wrongful conduct on the part of the defendant arises, in which case the process of contempt should not be resorted to to enforce plaintiff's rights but plaintiff should be relegated to a suit for alleged infringement. California Artificial Stone Paving Co. v. Molitor, 113 U.S. 609-618, 5 S.Ct. 618, 28 L.Ed. 1106.

Accordingly, the motion to punish for civil contempt is denied.

Settle order.