## SMITH, KLINE & FRENCH LABORATORIES v. PRO-MEDICO LABORATORIES, Inc., et al.

### No. C–3568.

District Court, E. D. New York.

Nov. 24, 1944.

Briesen & Schrenk, of New York City (George J. Harding, of Philadelphia, Pa., of counsel), for plaintiff.

Victor M. Helfand, of New York City, for defendants for motion.

INCH, District Judge.

This is a motion for an order to vacate a final judgment duly filed in the clerk's office of this court October 19, 1944, whereby it was ordered, adjudged and decreed, that defendants had violated the injunc-tion issued against them, pursuant to a consent decree, granting plaintiff injunctive relief based on the conceded validity of a patent.

Plaintiff is the owner of a U. S. Letters Patent No. 1,879,003, as limited by disclaimer, relating to drugs for therapeutic use in the form of tablets. Plaintiff claims that defendant not only had infringed said patent, as limited by disclaimer, but, due jurisdictional grounds being present, was also guilty of unfair competition.

On March 1, 1944, final judgment in the patent suit was duly entered by this court on the consent of the parties. This final judgment adjudged that the said patent of plaintiff as so limited was valid so far as the parties to the consent were concerned, that the defendants had infringed the said patent and provided for the issuance of an injunction. It further adjudged that the defendants had been guilty of unfair competition and likewise provided for the issuance of an injunction. This injunction, duly issued out of this court pursuant to said final judgment, was thereafter duly served on each of the defendants on March 4, 1944.

In June 1944, plaintiff filed a petition seeking to punish the defendants for violation of this injunction both as to infringement and unfair competition. The defendants contested the question of the extent of such violation and the question of damages, if any, was referred to a special master. Action on the contempt motion in respect to the violation of the patent provisions, based solely on the consent decree, was, however, deferred for subsequent action by the court after filing of the report of the special master.

The defendants admitted that since the issuance of the injunction pursuant to the consent decree they had infringed the patent. The special master likewise found that defendants had been guilty of unfair competition. The total damage for both these violations was apparently agreed upon as $1000, and so reported by the special master.

The report of the special master was confirmed by this court on October 19, 1944. On the same day the court entered final judgment against the defendants not only for unfair competition but also for violation of the patent.

The motion now is, in substance, that while the judgment as to unfair competi-

tion may stand, the judgment for any violation, even if conceded or shown, based on the validity of the patent, should be vacated for the reason that the validity of the patent was based solely on the consent of the parties which consent, of course, so far as such validity is concerned, was limited to the consenting defendants.

The court is to blame for this motion because when the application to assess damages first came before it, the court itself raised the question whether there could be a violation of a patent where the validity of the patent had not been first duly adjudicated and was based simply on a consent. This observation was made by the court because of the decision in this circuit in the case of Nachman Spring-Filled Corporation v. Kay Mfg. Co., 2 Cir., 139 F.2d 781, which related to a situation where a contract had been made between the owner of a patent and an alleged infringer, in which contract the validity of the patent had been consented to.

If the Nachman case is applicable to the facts here then any contract which seeks to avoid a trial of the validity of a patent by mere consent would be ineffective until such validity has been duly adjudicated by the court. That possibly a consent in any form to validity would be a contract.

 However, since the Nachman case was decided, the Circuit Court of Appeals of this Circuit, where infringement was conceded or plainly shown as here, has approved an order adjudging a defendant guilty of a civil contempt for violation of the injunction based merely on a consent decree after a trial had begun and without the court actually passing on the claims of the patent except as consented to. Desagnat v. Dratler, 2 Cir., 142 F.2d 845.

Consequently, I believe counsel for plaintiff is justified in urging the distinction between an independent contract, such as in the Nachman case, and a judgment and injunction duly issued by this court as in the Desagnat case above. There is no fraud in this case alleged or indicated. In one case, as in the independent contract it was the act of individuals, in the other it is the judgment of a court having due jurisdiction over the subject matter and the parties.

It seems reasonable to me that a defendant, having been duly advised, by experienced counsel, that the patent of a plaintiff is plainly valid and there being no independent contract entered into which might offend some other law, might properly consent to the entry of a decree which would eliminate the necessity of the trial of an issue on which both parties agree. However, there are cases no doubt where the power and money of the owner of a patent may be so persuasive as to compel a less fortified defendant to seek the easy way out and thus extend the patent monopoly for reasons not allowed by the law as a basis for the monopoly.

 To be sure where violation appears doubtful the process of contempt should not be resorted to and plaintiff should be relegated to a suit in which the patent can be adjudicated. California Artificial Stone Paving Co. v. Molitor, 113 U.S. 609–618, 5 S.Ct. 618, 28 L.Ed. 1106. But the facts as to infringement are different here.

Therefore, in view of the Desagnat case, I hold that the consent decree here is valid and deny the motion.

Settle order on notice.