**Harry J. LOCKLIN and Elmer J. Brant, general partners doing business under the firm name of Radiant Color Company, Appellants,**

v.

**SWITZER BROTHERS, INC., Appellee.**

**No. 20944.**

United States Court of Appeals
Ninth Circuit.

Oct. 24, 1966.

Rehearing Denied Nov. 30, 1966.

See also 9 Cir., 348 F.2d 244; D.C., 235 F.Supp. 904.

———◇———

Carl Hoppe, Ernest M. Anderson, San Francisco, Cal., for appellants.

Harold C. Hohbach, of Flehr & Swain, Benjamin H. Sherman, Otto R. Krause, Chicago, Ill., for appellee.

Before POPE, BARNES and MERRILL, Circuit Judges.

PER CURIAM:

This case has already been before the court twice. On the first occasion we upheld the District Court's determination that the Kazenas patent of appellee was valid and infringed. Locklin v. Switzer Bros., 299 F.2d 160 (9th Cir. 1961). On the second occasion we reviewed the determination of the District Court that appellants, in marketing a new resin (one different from that originally held to infringe), were again infringing and guilty of contempt. On that second occasion we remanded the case to the District Court for determination of a specific factual issue which we held to be crucial to the issue of infringement. Locklin v. Switzer Bros., 348 F.2d 244 (9th Cir. 1965).

We noted (at page 246):

"In our earlier opinion we ruled that the use of this functional language in specifying the amount of melamine required (an amount sufficient to render the condensation product substantially insoluble in aromatic hydrocarbon solvents, but insufficient to render it thermo-setting) did not invalidate the claims, but by the same token it served to fix precisely the limits of the claims."

We remanded with instructions (at page 246) "that trial be had upon the sole question whether, in the 4–C resin, the amount of melamine utilized is such as to bring the resin within the limits of the claims of the Kazenas patent as those claims are delineated in our former opinion."

The District Court has now tried this special issue, receiving expert testimony and exhibit evidence. Its findings of fact were incorporated in a memorandum decision. It expressly found "that the amount of melamine by itself in the accused 4–C resin is sufficient to render it substantially insoluble in aromatic hydrocarbon solvents." It concluded:

"The court finds, in answer to the question presented here, that in the 4–C resin, the amount of melamine utilized is such as to bring the resin within the limits of the claims of the Kazenas patent as those claims are delineated in Locklin v. Switzer Brothers, Inc. 299 F.2d 160 (9th Cir. 1961)".

Appellants were adjudged guilty of contempt.

Appellants here attack the findings of the District Court. They contend that the court relied on the results of tests which, as a matter of law, were deficient in several respects (quantity of material tested; nature of the melamine compound used; length of time during which the resin remained insoluble and free flowing). These contentions go not to the relevance of the test evidence but to its weight—a consideration dealt with by the court in its opinion.

In our judgment the court's findings are not clearly erroneous. For the reasons set forth in its memorandum opinion judgment must be affirmed.

Appellants invite us, on the basis of subsequent developments, to re-examine our original determination that the claims of the Kazenas patent were sufficiently precise. We decline to do so.

Judgment affirmed.