**NELSON TOOL AND MACHINE CO., INC. d/b/a Clare Bell Brass Works,**

v.

**WONDERLAND ORIGINALS, LTD., a Pennsylvania Corporation and Calvin Silverstein, an Individual.**

Civ. A. No. 78–1021.

United States District Court, E. D. Pennsylvania.

April 25, 1980.

W. Edwin Ogden, Reading, Pa., for plaintiff.

M. Richard Page, Reading, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In May, 1978, the parties entered into a consent judgment which concluded this patent infringement litigation. The consent decree prohibited, *inter alia*, defendant from "selling or causing to be sold . . . miniature hurricane lamps . . . and miniature candlesticks" of a specific design. Plaintiff now alleges that defendant has distributed merchandise in violation of the decree. Accordingly, upon plaintiff's petition to show cause why defendant should not be held in contempt of court, we held hearings at which time testimony was taken and arguments of counsel were considered.

 In marked contrast to the typical civil case, petitioner in a civil contempt proceeding must prove his case by clear and convincing evidence, *Oriel v. Russell*, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419 (1929);

a mere preponderance is insufficient. *See Stringfellow v. Haines,* 309 F.2d 910 (2nd Cir. 1962); *Shakman v. Democratic Organization of Cook County,* 533 F.2d 344 (7th Cir.), *cert. denied* 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976); *National Labor Relations Board v. Teamsters, Chauffeurs, Helpers and Taxicab Drivers, Local No. 327,* 592 F.2d 921 (6th Cir. 1979); *Louisiana Ed. Ass'n. v. Richard Parish Sch. Bd.,* 421 F.Supp. 973 (W.D.La.1976), *aff'd,* 585 F.2d 518 (5th Cir. 1978). In fact, civil contempt is a "severe remedy, and should not be resorted to where there is fair ground of doubt". *California Paving Co. v. Molitor,* 113 U.S. 609, 5 S.Ct. 618, 28 L.Ed. 1106 (1885). Damages for civil contempt, as well as liability, must be also proven by clear and convincing evidence. *Thompson v. Johnson,* 410 F.Supp. 633 (E.D.Pa.1976).

Other courts, in cases directly on point have articulated a heavy burden of proof for petitioner in such a proceeding. In a contempt proceeding for alleged violation of a consent decree entered into for patent infringement, the evidence must clearly demonstrate that defendant is in contempt, *Siebring v. Hansen,* 346 F.2d 474 (8th Cir. 1965), and a reviewing court will only disturb a district court's findings which are "clearly erroneous". *Locklin v. Switzer Brothers, Inc.,* 368 F.2d 553 (9th Cir. 1966), *cert. denied,* 386 U.S. 963, 87 S.Ct. 1029, 18 L.Ed.2d 112 (1967).

Against this heavy legal burden of proof, we conclude that plaintiff failed to establish that defendant actually sold, or caused to be sold, any infringing merchandise. Aware as we are of the difficulty in calling a witness from Hawaii, the fact remains that a telephone call from the alleged recipient in Hawaii to the plaintiff is blatantly insufficient to establish legally the receipt of such merchandise from the defendant. Additional evidence offered was equally insufficient upon which to find a violation of the consent decree and upon which to base a finding of contempt.

Accordingly, rule to show cause heretofore issued will be dismissed. Having so held, we do not reach the question of damages and counsel fees.