**SIMMONS FASTENER CORPORATION,** Plaintiff,

v.

**ILLINOIS TOOL WORKS, INC.,** Defendant.

No. 80-CV-468.

United States District Court, N.D. New York.

April 7, 1986.

Wyatt, Gerber, Shoup, Scobey & Badie, New York City, Kohn, Bookstein & Karp, Albany, N.Y., for plaintiff; Eliot S. Gerber, New York City, Richard Kohn, Albany, N.Y., of counsel.

Bouck, Holloway & Kiernan, Albany, N.Y., Cook, Wetzel & Egan, Chicago, Ill., for defendant; Francis Holloway, Michael Longstreet, Albany, N.Y., Granger Cook, Jr., John R. Crossan, Chicago, Ill., of counsel.

### MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Pending before the court in the above-captioned case is a motion by plaintiff Simmons Fastener Corporation which has been alternately labeled as one for declaratory judgment or for a declaratory judgment trial and a motion by defendant Illinois Tool Works, Inc. to hold the plaintiff in contempt of court.

. The relevant facts are as follows: In June of 1980, the plaintiff filed a declaratory judgment action challenging defendant's '476 Hoadley patent, which relates to a nut plate used primarily by home appliance manufacturers. The defendant counterclaimed for infringement of the patent, and the case went to trial in January of 1983.

On April 4, 1983, this court entered judgment in favor of the plaintiff, finding that the patent was invalid due to obviousness. *Simmons Fastener Corp. v. Illinois Tool Works, Inc.,* 560 F.Supp. 1277 (N.D.N.Y. 1983) (McCurn, J.). That judgment was subsequently reversed and the case was remanded by the United States Court of Appeals for the Federal Circuit. *Id., rev'd,*

739 F.2d 1573 (Fed.Cir.1983). Before any further proceedings in the case were held in this court, the parties submitted an agreed judgment order holding the '476 Hoadley patent valid, enforceable, and infringed by the plaintiff. The judgment order, which was signed by the court and entered on July 22, 1985, stated that the defendant was entitled to a writ of injunction restraining the plaintiff from further infringement of the patent. After considerable delay by the defendant in submitting the writ of injunction for the court's approval, it was signed by the court and entered on February 7, 1986.

In the interim, in December of 1985, the plaintiff informed the court that it had begun shipment of a new type of nut plate. It is this new nut plate which is the subject of the instant motions.

The dispositive question before the court at this time is whether a contempt proceeding is the appropriate method to determine if the plaintiff's new nut plate infringes the '476 Hoadley patent. The defendant maintains that the new nut plate is merely a colorable imitation of the infringing nut plate, and under such circumstances, contempt proceedings are proper.

However, as set forth in the recent case of *KSM Fastening Systems v. H.A. Jones*, 776 F.2d 1522 (Fed.Cir.1985):

> If substantial issues need to be litigated, particularly if expert and other testimony subject to cross-examination would be helpful or necessary, the court may properly require a supplemental or new complaint.
>
> \*   \*   \*   \*   \*   \*
>
> If there are substantial open issues with respect to infringement to be tried, contempt proceedings are inappropriate. *Accord California Paving [Co. v. Molitor ]*, 113 U.S. [609] at 618, 5 S.Ct. [618] at 622 [28 L.Ed. 1106 (1885) ] (proceeding by way of a new suit "is by far the most appropriate one where it is really a doubtful question whether the new process adopted is an infringement or not").

*Id.* at 1531–32.

After carefully examining the infringing and new nut plates, hearing the arguments

of counsel, and carefully reviewing the papers submitted, including the affidavits of the experts, the court cannot conclude that the new Simmons nut plate is merely a colorable imitation of the infringing nut plate. The court can and does conclude that there are substantial open issues with respect to the alleged infringement and that expert testimony would be necessary and helpful.

Accordingly, the court denies the defendant's motion for contempt of court. Furthermore, the court denies the plaintiff's motion for declaratory judgment or for a declaratory judgment trial, which was inappropriately filed at this time pursuant to the court's continuing jurisdiction over matters relating to the patent infringement set forth in the July 22, 1985 judgment order. The new Simmons nut plate presents new issues, and any further action in regard to it must be taken pursuant to a new complaint instituting a new suit.

IT IS SO ORDERED.