DYK, Circuit Judge,
concurring-in-part and dissenting-in-part.
I agree with the majority’s conclusion that the original injunction did not bar TorPharm, Inc., Apotex, Inc., and Apotex Corporation (collectively, “Apotex”) from filing a new ANDA, and that the district court could not properly find Apotex in contempt. Maj. Op. at 1381-83. In my view, since there was a “fair ground of doubt” from the outset as to whether the injunction applied, it necessarily follows that contempt proceedings were inappropriate. However, the majority reaches the puzzling conclusion that proceedings in contempt were nonetheless permissible, and that the district court could properly determine in those proceedings that the Nu-Pharm ANDA product would infringe the relevant patent claims and extend the injunction as a remedy for this violation. I respectfully dissent from that aspect of the majority decision.
The Supreme Court has said that “[process of contempt is a severe remedy, and should not be resorted to where there is fair ground of doubt as to the wrongfulness of the defendant’s conduct.” Cal. Ar *1384 tificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618, 5 S.Ct. 618, 28 L.Ed. 1106 (1885). Thus, we have similarly established that “[i]f there is a fair ground of doubt as to the wrongfulness of the defendant’s actions said to be in contempt, the District Court should not entertain the civil contempt proceeding or find contempt.” Preemption Devices, Inc. v. Minn. Mining & Mfg. Co., 803 F.2d 1170, 1173 (Fed.Cir.1986); see also KSM Fastening Sys., Inc. v. H.A. Jones Co., 776 & F.2d 1522, 1525 (Fed.Cir.1985). For example, in MAC Corp. of Am. v. Williams Patent Crusher & Pulverizer Co., 767 F.2d 882 (Fed.Cir.1985), we affirmed the district court’s refusal to proceed in contempt where there was a “fair ground for doubt” based on differences between the accused and enjoined products. Id. at 886. For that reason, “it would not be in the interest of justice to determine the merits of th[e] dispute in summary proceedings for contempt,” and instead the appropriate procedure was to “give MAC its full day in court when [the district court] hears and determines Williams’ action for declaratory judgment of non-infringement and MAC’S counterclaim for infringement.” Id.
The act alleged to constitute contempt here was the filing of the Nu-Pharm ANDA. Given the majority’s conclusion that the “original injunction ... [did not] preclude the conduct of which Abbott complains, namely the filing of the Nu-Pharm ANDA,” there was clearly a “fair ground of doubt” as to whether Apotex’s conduct was wrongful under the injunction. Maj. Op. at 1382. Summary contempt proceedings were therefore inappropriate. The majority reaches a different conclusion by holding that contempt proceedings are appropriate as long as there is no more than a “colorable difference” between the accused and enjoined products. Maj. Op. at 1380-81. The majority relies on our eases holding that “proceedings by way of contempt should not go forward if there is more than a ‘colorable difference’ in the accused and adjudged devices.” KSM Fastening, 776 F.2d at 1530. Of course, this statement in KSM Fastening does not make the contrary proposition true: contempt proceedings are not necessarily appropriate just because there are not color-able differences between an accused and an enjoined device. In the colorable differences cases, unlike the present one, the alleged contempt consisted of producing the product covered by the injunction. Under these circumstances, the “colorable difference” test is just a specific application of the more general “fair ground of doubt” test. See id. at 1525. By focusing only on the narrower, inapplicable “color-able differences” test, the majority concludes that contempt proceedings were appropriate in this case. In my view, this is contrary to Supreme Court decisions and our own precedent.
If I am correct that contempt proceedings were improper, it necessarily follows that any decisions made in the course of those proceedings must be vacated. It is well established that determinations reached in the course of a proceeding can be given preclusive effect “only if the court has authority to adjudicate the type of controversy involved in the action.” Restatement (Second) of Judgments § 11 (1982). Denying effect to the district court’s infringement determination is particularly appropriate in this case, because the infringement determination was directly affected by the nature of the proceedings. The district court declined to consider additional evidence submitted by the appellant specifically because of the summary nature of the contempt proceeding. See Abbott Labs. v. Apotex, Inc., 455 *1385 F.Supp.2d 831, 837 (N.D.Ill.2006). Thus, the finding of infringement should be vacated so that the issue can be considered anew by Judge Pallmeyer in the pending infringement suit. See MAC Carp., 767 F.2d at 886 (noting that when a “fair ground of doubt” existed the merits of the dispute should not be resolved in summary contempt proceedings but instead through a full infringement trial).
Similarly, it follows that the remedies imposed based on the finding of infringement must be vacated. In this case, the contempt remedy imposed by the district court was the extension of the injunction based on a finding of infringement. In fact, the district court explicitly noted that Abbott requested “a determination that Apotex ha[d] violated the injunction” and a resulting “extension (modification) of the injunction” rather than “monetary sanctions or imprisonment.” See Abbott Labs., 455 F.Supp.2d at 833. At the end of its opinion, the district court held that “[t]he injunction ha[d] been violated” and noted that future violations of the injunction would result in “heavy [monetary] sanctions” but that “[f]or the present ... it will suffice to extend the injunction to embrace the Nu-Pharm ANDA.” Id. at 840. The extension of the injunction should be vacated, given the inappropriateness of contempt proceedings.[1]

. While a district court certainly has equitable powers to modify its own orders and injunctions in some circumstances, see United States v. United Shoe Machinery Corp., 391 U.S. 244, 249, 88 S.Ct. 1496, 20 L.Ed.2d 562 (1968), the proceedings in this case were not instituted for that purpose, but rather were summary contempt proceedings.