NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1374

TIVO INC.,

Plaintiff-Appellee,

v.

ECHOSTAR CORPORATION,
ECHOSTAR DBS CORPORATION,
ECHOSTAR TECHNOLOGIES CORPORATION,
ECHOSPHERE LIMITED LIABILITY COMPANY,
ECHOSTAR SATELLITE LLC,
and DISH NETWORK CORPORATION,

Defendants-Appellants.

Appeal from the United States District Court for the Eastern District of Texas in case no. 2:04-CV-01, Judge David Folsom.

Before MICHEL, <u>Chief Judge</u>, NEWMAN, MAYER, LOURIE, RADER, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

## O R D E R

Defendants-Appellants ("EchoStar Corporation et al.") filed a petition for rehearing en banc. The panel requested a response from Plaintiff-Appellee TiVo Inc. The court granted Defendants-Appellants leave to file a reply in support of the petition. The court also granted leave to Five Law Professors to file a brief as amici curiae in support of the petition.

The petition for rehearing was considered by the panel that heard the appeal, and thereafter the petition for rehearing en banc, the response to the petition, the reply,

and the brief of the amici curiae were referred to the circuit judges who are authorized to request a poll on whether to rehear the appeal en banc. A poll was requested, taken, and the court has decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)     The petition of Defendants-Appellants EchoStar Corporation et al. for panel rehearing is denied.

(2)     The petition of Defendants-Appellants EchoStar Corporation, et al. for rehearing en banc is granted.

(3)     The court's March 4, 2010 opinion is vacated, and the appeal is reinstated.

(4)     The parties are requested to file new briefs addressing the following issues:

    a)     Following a finding of infringement by an accused device at trial, under what circumstances is it proper for a district court to determine infringement by a newly accused device through contempt proceedings rather than through new infringement proceedings? What burden of proof is required to establish that a contempt proceeding is proper?

    b)     How does "fair ground of doubt as to the wrongfulness of the defendant's conduct" compare with the "more than colorable differences" or "substantial open issues of infringement" tests in evaluating the newly accused device against the adjudged infringing device? See Cal. Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618 (1885); KSM Fastening Sys., Inc. v. H.A. Jones Co., 776 F.2d 1522, 1532 (Fed. Cir. 1985).

    c)     Where a contempt proceeding is proper, (1) what burden of proof is on the patentee to show that the newly accused device infringes (see KSM, 776 F.2d at 1524) and (2) what weight should be given to the infringer's efforts to design around the patent and its

2009-1374                                    2

reasonable and good faith belief of noninfringement by the new device, for a finding of contempt?

d) Is it proper for a district court to hold an enjoined party in contempt where there is a substantial question as to whether the injunction is ambiguous in scope?

(5) This appeal will be heard en banc on the basis of the originally filed briefs, additional briefing ordered herein, and oral argument. An original and thirty copies of all originally filed briefs shall be filed within 42 days from the date of filing of this order. An original and thirty copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. The Defendants-Appellants shall file their new en banc brief within 42 days from the date of filing of this order. The response brief of the Plaintiff-Appellee is due within 42 days from the date of service of the Defendants-Appellants' brief. The reply brief of the Defendants-Appellants, if any, is due within 28 days from the date of service of the response.. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(6) Briefs of amici curiae will be entertained, and any such amicus briefs may be filed without leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7) Oral argument will be held at a time and date to be announced later.

FOR THE COURT

May 14, 2010                                    /s/ Jan Horbaly
       Date                                          Jan Horbaly
                                                     Clerk


cc:    Seth P. Waxman, Esq.
       E. Joshua Rosenkranz, Esq.
       Robert Patrick Merges, Esq.
       Raymond Millien, Esq.

2009-1374                          4